DELIA RICCI, BY ACHILLE RICCI, HER NEXT FRIEND v. JOHN
MUELLER.

*Injury done by runaway horse—Liability for wife's negligence.*

One is not liable for his wife's torts.

No action lies against a man for injury done by his runaway horse,
as caused by his wife's careless driving, if it is not shown that
she acted under his direction or with his knowledge or consent.

Error to the Superior Court of Detroit. Submitted
June 10. Decided June 17.

TRESPASS ON THE CASE. Plaintiff brings error.

*Prentis & Fox* for plaintiff in error.

*Henry M. Duffield* for defendant in error. The owner
of a horse is not liable for an injury done by it unless
he had notice of its vicious disposition or did not exer-
cise ordinary care. *Vrooman v. Lawyer*, 13 Johns., 339;
*Van Leuven v. Lyke*, 1 N. Y., 515; *Auchmuty v. Ham*, 1
Den., 495; *Meredith v. Reed*, 26 Ind., 334; he is not
liable for injuries done by it while running away from
him on the highway unless he was guilty of negligence
that permitted or contributed to the result. *Sullivan v.
Scripture*, 3 Allen, 564; *Goodman v. Taylor*, 5 C. & P.,
410; *Goodman v. Gay*, 15 Penn., St., 188.

CAMPBELL, C. J. Plaintiff sued for injuries inflicted,
as the evidence showed, by a runaway horse belonging
to defendant. It is claimed the horse, while being driven
in front of a buggy by defendant's wife, was frightened
and ran away, and having become detached from the
buggy, which was tipped over, went off with the thills
and struck plaintiff.

The declaration contained two counts. The first set
up a direct driving against plaintiff by the defendant
himself. Of this there was no proof, and this count

may be disregarded. The second count set forth the nature of the injury more correctly, and averred a liability arising out of the allegation that the buggy was driven by an unskillful and careless person under the direction and by the consent of defendant. There are in this count some rather incongruous allegations concerning defendant's agency in the matter; but the count perhaps contains enough if made out to authorize a recovery.

The court below held it was not made out, and the record does not show that this was an erroneous holding. It does not appear positively that the person driving was identified as wife of defendant, or his servant, or entrusted by him with the right or duty of driving the horse, or that he knew of its use or allowed it. A husband is no longer liable for his wife's torts. *Burt v. McBain*, 29 Mich., 260. Unless, therefore, her use of the buggy is in some way connected with the husband's authority, or fault, he cannot be held for her negligence, if she was negligent, any more than for that of any one else.

The record shows nothing to establish this connection. And it does not necessarily tend to show in any legal way that the person driving was his wife. Instead of stating what the testimony was, on his own responsibility, the judge inserted in the bill of exceptions the testimony of identity as given by two distinct stenographers, one of whom made the witness identify Mrs. Mueller as present in the court, while the other represented the witness as saying it was some one who they said was Mrs. Mueller but not otherwise fixing the person. Even if identified, which we are not able judicially to know, the case failed on the necessary testimony to connect her act or neglect with any responsibility of defendant.

The judgment must be affirmed, with costs.

The other Justices concurred.