# Birmingham Water-Works Co. *v.* Hubbard.

### Action for Damages for Personal Injuries.

1. *Liability of master (or principal) for negligence of servant.*—The plaintiff having been injured by an accidental explosion of powder and dynamite, while working in a blacksmith shop, where the explosives had been placed, against his remonstrance, by the foreman (or superintendent) of a squad of men, who were in the employment of the defendant corporation, and engaged in getting out stone from a quarry near by; if the act of the foreman in placing the explosives in the shop "was done with the *bona fide* purpose of preserving them, and in that way furthering the interests of his employer," the latter would be liable; but not if it was done by the foreman "for a purpose of his own."

2. *Contributory negligence.*—The foreman having promised, in the morning, to remove the explosives before plaintiff could go to work, it can not be affirmed, as matter of law, that plaintiff was guilty of contributory negligence, because he went to work at the forge, several hours afterwards, without first ascertaining whether they had been removed.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.
Action for damages for personal injuries, by Armstead

[Birmingham Water-Works Co. v. Hubbard.]

Hubbard, against the appellant corporation. The material facts are stated in the opinion of the court. The court charged the jury, at the instance of the plaintiff, as follows: "If Bennefield was in the employment of the defendant, and was by it intrusted with the use and care of the powder and dynamite; in determining whether his act, in placing and leaving the powder in the shop, was within the scope of his employment, the jury will consider whether it was done with the *bona fide* purpose of preserving the powder, and in that way furthering the interest of the defendant; and if the jury so find, then the act of Bennefield in placing the powder and dynamite in the shop was within the scope of his employment, and was the act of the defendant." To this charge the defendant excepted. The bill of exceptions here adds: "The court charged the jury, also, in this connection, that if said Bennefield placed the powder in the shop for a purpose of his own, then that would be an individual act, and the jury should find that he was not acting within the scope of his employment." The court also charged the jury, on request of the plaintiff, "that contributory negligence, in order to avail the defendant, must not only be a want of ordinary care on the part of the plaintiff, but there must further be a proximate connection between this want of ordinary care and the injury." To this charge the defendant excepted, and also to the refusal of the following charge, which was asked in writing: "If the jury find from the evidence that the plaintiff knew the powder and dynamite were in the shop, and told Bennefield to take it away; then, as an ordinarily prudent man, it was his duty himself to make inquiry, and ascertain if the powder and dynamite had been removed, before going into the shop to work with fire."

The charges given at the instance of the plaintiff, and the refusal of the charge asked by defendant, are assigned as error.

WARD & HEAD, for appellant.—(1.) Bennefield was a trespasser, in entering on the premises of another, and there storing the powder; and the defendant is not, as his principal, liable for the act, unless it was either authorized, ratified, or adopted.—Cooley on Torts, 535–6; *Horner v. Lawrence*, 37 N. J. 46; *Gilliam v. L. & N. Railroad Co.*, 70 Ala. 268. (2.) The plaintiff was guilty of contributory negligence, in not ascertaining whether the powder had been removed before he went to work, and this negligence contributed proxi-

mately to the injury.—*Lillie v. Fletcher*, 81 Ala. 237; 55 Amer. Dec. 672, and cases cited; 1 Shearm. & Redf. Negligence, § 87, 4th ed.

J. M. McMASTER, *contra*, cited Wood's Master & Servant, §§ 282, 286, 294, 300; *Whitman v. L. & N. Railroad Co.*, 79 Ala. 328; Thompson on Negligence, vol. 2, §§ 3–5, pp. 1148–51.

SOMERVILLE, J.—The plaintiff was seriously injured by the accidental explosion of a quantity of powder dynamite and powder cartridges, which had been stored without permission in a black-smith shop, where the plaintiff was accustomed to work for the owner of the shop, one Haynes. The explosive material had been placed there the day previous, for preservation from damage by rain, by the act of one Bennefield, who was employed by the defendant company as foreman, or superintendent, of a number of men who were engaged in the company's service to blast stone from a neighboring quarry. The plaintiff had expostulated with Bennefield about the matter, and he had promised to remove the powder before the commencement of work in the shop that day. The explosion occurred through sparks of fire thrown by scintillation from the anvil during the progress of work in the shop.

It is contended in behalf of the defendant corporation, against which verdict and judgment for the sum of five hundred dollars were rendered in the court below, that the act of Bennefield in storing the powder in the shop, without first obtaining the owner's consent, was not within the scope of his employment, and, for this reason, the defendant would not be responsible for any injury or damage resulting from it. The evidence shows that there was no express authority for doing the act, and no recovery was claimed on this ground. Nor is there any fact tending to show ratification on the part of any superior officer of the company.

The question then resolves itself into the inquiry, whether the act of Bennefield, which produced the injury, incidentally grew out of any authority conferred by the defendant, as master, on Bennefield as servant. Can the act be fairly and reasonably implied as one authorized to be done by the servant in the master's absence, and in the given emergency, in furtherance of the master's business? Was it, in other words, impliedly authorized as fairly within the scope of the

servant's employment, as the trusted custodian of the prop-
erty, with the duty imposed on him to use all proper and
reasonable means for its safe preservation?

The master may often be held liable for the abuse of the
authority conferred on a servant, or employee, and this
liability sometimes extends to trespasses purposely committed.
In such cases, especially where the implication of authority
is doubtful, the inquiry may well be, whether the servant
was, on the one hand, acting either maliciously, or in his
own individual interest, or, on the other hand, *bona fide*, in
preservation, or furtherance of the master's interests. This
test was adopted in *Cosgrove v. Ogden*, 49 N. Y. 255; s. c.,
10 Amer. Rep. 361, which involved an injury resulting from
a trespass incidentally committed by an agent in the prose-
cution of the business of the principal—a subject on which
the law has undergone some modification in comparatively
recent years. The doctrine of that case, in our judgment, is
both just and sound, and is sustained by authority.—Wood
on Master & Servant (2d Ed.), pp. 234–236, sec. 284; p. 567,
sec. 300; Cooley on Torts, pp. 535–538.

The charges of the court on this phase of the case fairly
stated the law, and were not liable to any criticism.

The court properly submitted the question of the plaintiff's
alleged contributory negligence to the jury, The evidence
tends to show that Bennefield had promised the plaintiff to
remove the explosive combustibles from the shop before the
time of needing the premises for work; and we can not say,
in view of this fact, that the conduct of the plaintiff, in fail-
ing to ascertain whether the promise had been complied with,
before proceeding to use the smith forge on the day of the
accident, was *per se* negligence.—*Eureka v. Bass*, 81 Ala. 200;
s. c., 60 Amer. Rep. 152; *City Council of Montgomery v.
Wright*, 72 Ala. 411; *L. & N. R. R. Co. v. Allen*, 76 Ala. 494.

There is, in our opinion, no error in the record, and the
judgment is affirmed.