THOMAS MANGAN *et al.*, Respondents, v. MICHAEL FOLEY, Appellant.

**St. Louis Court of Appeals, December 18, 1888.**

1. **Damages: EMPLOYER'S LIABILITY.** In an action for damages for the killing of the plaintiffs' child, where it appeared that the defendant's teamster engaged a stranger, without the knowledge, authority or consent of the defendant, to drive the team temporarily, and the injury occurred while such stranger was so employed. there was no cause. of action against the defendant, and the court ought to have sustained a demurrer to the evidence.

2. **Damages: STATUTORY RECOVERY:** In this action for damages under section 2121, Revised Statutes, if the plaintiffs established a right of reco very, they were entitled to recover the statutory sum of five thousand dollars.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED.

*A. R. Taylor*, for the appellant.

There was no evidence to show a cause of action, and the court should have given the instruction asked by defendant as a demurrer to the evidence. The doctrine that a special agent, to bind his principal, must act within the scope of his employment, is well settled, and as all the evidence shows that defendant never gave any authority to Krauss to substitute Rumsey as driver of his team, there was a total failure of proof. *White-head v. Railroad*, 22 Mo. App. 63 ; *Snyder v. Railroad*, 60 Mo. 417 ; *Sherman v. Railroad*, 72 Mo. 66 ; *Jackson v. Railroad*, 87 Mo. 430 ; *Flower v. Railroad*, 69 Pa. St. 210 ; *Coal Co. v. Heeman*, 86 Pa. St. 420 ; *Farber v. Railroad*, 32 Mo. App. 378.

*Lodge & Talty*, for the respondents.

*Prima facie*, a person found doing service for another is in the other's employ. And when the plaintiff has suffered injury from the negligent management of a vehicle it is sufficient *prima-facie* evidence that the negligence is imputable to the defendant, to show that he is the owner of the vehicle, and the burden of proof is then on the defendant to show that he is not answerable for the acts of the person in charge. *Perry v. Ford*, 17 Mo. App. 212 ; *Morris, Adm'x, v. Kohler*, 41 N. Y. 42 ; *Stevenson v. Steamship Co.*, 57 N. Y. 108 ; 1 Shearman & Redfield on Neg., sec. 158. "It is not necessary that he should be under any general employment of the defendant, nor that he should be under any special engagement of service to him, or entitled to receive compensation from him directly. It is enough that, at the time of the accident, he was in charge of defendant's property by his assent and authority, engaged in his business, and in respect to that property and business under his control." 2 Thompson on Neg.,

893 ; *Kimball v. Cushman*, 103 Mass. 194; *Witrecht v. Fashnacht*, 17 La. Ann. 166 ; *Taylor v. Railroad*, 45 Cal. 323, 334. And the fact that there is "an intermediate party in whose general employment the person whose acts are in question is engaged, does not prevent the principal from being liable for the negligent conduct of the sub-agent or under-servant, unless the relation of such intermediate party to the subject-matter of the business in which the under-servant is engaged be such as to give him exclusive control of the means and manner of its accomplishment." *Kimball v. Cushman*, 103 Mass. 194; Shearm. & Redf. on Neg., sec. 157 ; *Suydam v. Moore*, 8 Barb. 358 ; *Althorf v. Wolfe*, 22 N. Y. St. 355 ; *Randelson v. Murray*, 8 Ad. & El. 109 ; *Simons v. Monier*, 29 Barb. 425 ; *Wichtrecht v. Fashnacht*, 17 La. Ann. 166 : 2 Thompson on Neg. 893. And whether the person whose immediate negligence or misconduct caused the particular injury was acting at the time as the servant of the person sought to be charged, frequently depends on such a variety of facts that it falls outside of any definite rule, and for that reason becomes, under proper instructions, a question of fact for the jury. 2 Thompson on Neg. 899 ; *Kimball v. Cushman*, 103 Mass. 194. The master is liable for the negligence of one whom his servant employs, by his authority, to aid such servant, and such authority may be implied. And it has been repeatedly held that, where a servant, without any real or ostensible authority so to do, employs an assistant by whose negligence a third person is injured, the master is liable. 1 Shearman & Redfield on Neg. sec. 157 ; *Booth v. Mister*, 7 Carr & P. 66; *Suydam v. Moore*, 8 Barb. 358 ; *Simons v. Monier*, 29 Barb. 419, 425 ; *Althorf v. Wolf*, 22 N. Y. 355 ; *Hill v. Morey*, 26 Vt. 183. If there was no error in the instructions given by the court and they left the question of liability of the defendant to be fairly passed upon by the jury, there is no ground for reversal.

*Coudy v. Railroad*, 13 Mo. App. 588, and 85 Mo. 79; *Richmond v. Judy*, 6 Mo. App. 465; *Culbertson v. Hill*, 87 Mo. 553.

PEERS, J., delivered the opinion of the court.

The amended petition alleges that the plaintiffs were husband and wife, and the parents of Thomas P. Mangan, aged three years and five months; that, on the eleventh day of March, 1885, the defendants (originally John O'Leary and appellant Foley), by the servant and employe of each of them, were driving and operating a certain wagon and team of horses and mules on the public streets and highways of the city of St. Louis, and while so doing, the defendants and each of them did carelessly, negligently and recklessly cause said wagon to run over and against said Thomas P. Mangan, thereby then and there inflicting great bodily injuries upon the said infant Thomas, from the effect of which he died on said day; that, by reason of the premises, they suffered damages in the sum of five thousand dollars, for which judgment is asked. The separate answer of appellant Foley was a general denial. The separate answer of the defendant O'Leary was a general denial, and also a plea of the statute of limitations of one year.

It should be here stated (though the record is obscure as to this fact) that the trial court held the plea of the statute of limitations made by O'Leary good, and the cause was dismissed as to him, and thereafter the cause proceeded to trial as against defendant Foley, as is shown by the fact that O'Leary's name is dropped from the record.

On trial by a jury in the circuit court, the plaintiffs had judgment for seven hundred dollars damages, to reverse which defendant appeals. This case discloses very sad features, and however much our sympathies may be enlisted for those who have lost a bright child,

we must not permit our fellow-feeling to do injustice to others, by overriding those fixed principles which underlie the rights of all men, and are essential to justice. It is but natural justice that one man should not be held liable for the act of another, without his participation, his privity or his authority. Unless the act of this driver can be legally attributable to the owner of the coal-team, then clearly the owner was not the cause of the injury and is not liable. The maxim, *qui facit per alium facit per se*, can apply only where there is authority, either general or special. Now the question is, was there such authority in this case ? The evidence discloses the following state of facts : Defendant is the owner of a coal-team of a wagon and four horses; he had in his employ a driver named Crouch, who had worked for defendant for some four years. On the morning of the day on which the accident happened, Crouch, for some reason, did not go out with the team, but employed in his place a negro named Ramsey, who was in charge of the team at the time the child was killed. This man Crouch, on the witness-stand, says that defendant was not present when Ramsey "taken the team himself," though defendant did see them leave the stable together. Witness swears that Ramsey was not working for the defendant, but was working for witness ; that he employed him and paid him. Ramsey, who also testified for the plaintiff, says, "Crouch, the regular driver for Foley, said he was not feeling very well, and he had a little business to attend to ; for witness to take the team down to the yard and make a load or two for him and by that time he would be there. From that time on he went with the wagon and helped the driver. Was paid for his services by the driver Crouch : that Foley never paid him, nor hired him to do anything. When Crouch, on the day of the accident, told him to go and make a load they were half a block from Foley ; Foley was in the house

or stable, but said nothing to me; was not present when Crouch told me to take the team." The witness then testified that he was driving down east on Papin street, and something caused his team to take fright and run over near to the northern sidewalk; that he was driving carefully and controlled his team as well as he could under the circumstances. He didn't see the child before he ran over it; never saw Foley whilst he was making the load; never had taken the wagon except on the occasion when Crouch was kicked by the mule.

The plaintiff Annie Mangan testified that Thomas Mangan, co-plaintiff, was her husband, and Thomas P. Mangan was her child; that she lived, on March 11, 1885, at 804 South Twenty-second street, up-stairs; that she saw the child (Thomas P.) going down stairs about half-past two P. M. The child was three years and five months old, and went down stairs with a little girl between six and seven years old. Next saw the boy about five minutes after killed, on the corner of Twenty-second and Papin streets. This was about thirty yards from her house.

William Ward testified for plaintiffs that he was on the southeast corner of Twenty-second and Papin streets at the time of the accident. Saw the team in question driven by a colored man east along Papin street near the north side. He was driving in a trot, and as he crossed over Twenty-second street-crossing on the east side, he ran over the little child. The first witness saw of the child the front wheel was just passing over him. The driver was looking toward the foundry, and was sitting on the rear mule or horse. The foundry was on the south side of the street, and the child on the north side. It was a four-horse team. Both wheels went over the child. It was Mr. Mangan's child. The child was dead in two minutes after the hind-wheel went over it.

At the close of plaintiff's evidence the defendant

moved the court to instruct the jury that plaintiffs were not entitled to recover, which instruction being refused, the defendant excepted.

The only evidence offered by defendant was that of defendant Foley himself. He testified that he never employed any one to drive the team but Crouch, never knew that Ramsey was driving it until after the accident. Never hired Ramsey, never saw him driving, never paid him, never authorized any one to employ or pay Ramsey.

Whereupon defendant renewed his demurrer to the evidence, which the court overruled and defendant again excepted.

It is unnecessary to set out the instructions, as in our view of the case, it is hardly necessary to consider them. If the plaintiff is not entitled to recover, it is by reason of the fact that the evidence fails to make a case by which the master can be held responsible.

The question is, under this evidence, can the defendant be held liable for the negligence and carelessness of the driver in charge of the team at the time of the unfortunate accident? The question is not whether the servant was *trusted*, but whether he was *employed* so as to make the master liable. The way it is always put is, " whether the man was about his master's business at the time." Now suppose Crouch had said to Ramsey, you take the team and drive your wife and children out for pleasure, would Foley have been responsible for an injury done by his negligent driving on that trip? I think not. Crouch is employed to drive this team; instead of doing that which he is employed to do, he does something which he is not employed to do, *i. e.*, hires another man, without the *consent* or *approval* of the master, to drive the team, the accident occurs, the master cannot be said to have caused the accident by his servant, and is therefore not responsible. *Towanda Coal Co. v. Heeman*, 86 Pa. St. 420. In the leading case

of *McKinzie v. McLeod*, 10 Bing. 385, the master was held not to be liable for the negligence of a servant who burned a house down in trying to cleanse a chimney, it being shown that the servant's duty was not to cleanse the chimney but to light the fire. The legal rule was stated in the opinion of Anderson, J., in that case to be, that the act of the servant is the act of the master where the duty is defined by precise orders, and where something is to be done, and the manner of doing it is left wholly to the discretion of the servant, the judgment exercised may be judgment of the master, and he must be answerable. "But," the judge added, "where he has neither ordered the thing to be done, nor allowed the servant any discretion as to the mode of doing it, I cannot see how in common justice or common sense, the master can be held responsible." The same doctrine is held in *Mitchell v. Crassweller*, 13 C. B. 237, Jervis, J., saying: "If the master is liable where the servant has deviated it must be where the deviation occurs in a journey on which the servant has originally started on his master's business." So, in *Railroad v. Wilt*, 4 Whar. 143, it is held: "A master is not liable for the willful act of his servant, as by driving his master's carriage against another without his direction or assent. But he is liable for any damage arising to another, from the negligence or unskilfulness of his servant *in his employ*." *Snodgrass v. Bradley*, 2 Grant's Cas. 43.

In this case the evidence does not show any authority, either special or general, by which we can infer even the right of Crouch to employ Ramsey to drive the team. In no way is the master connected with the employment of Ramsey, all the evidence being the other way, and upon what principle a master can be held for the act of a servant, whom he has not employed and to whose employment he has not even consented, is quite difficult to comprehend. That a special agent, to

bind his principal, must act within the scope of his employment, is well settled. *Whitehead v. Railroad*, 22 Mo. App. 63 ; *Snyder v. Railroad*, 60 Mo. 417 ; *Sherman v. Railroad*, 72 Mo. 66 ; *Jackson v. Railroad*, 87 Mo. 430 ; *Flower v. Railroad*, 69 Pa. St. 210 ; *Coal Co. v. Heeman*, 86 Pa. St. 420 ; *Farber v. Railroad*, 32 Mo. App. 378.

There was no testimony to show, by implication even, that defendant had gived Crouch authority to hire another driver on the day of the accident, or that defendant knew there was any other driver than Crouch in charge of his team on that day. To render one person liable for the negligence of another, the relation of master and servant, or principal and agent, must exist between them. *Stevens v. Armstrong*, 6 N. Y. 435 ; *McGuire v. Grant*, 25 N. J. Law, 356 ; *Larock v. Railroad*, 26 Hun, 382. It is absolutely essential, in order to establish a liability against a party for the negligence of others, that the relation of master and servant should exist, and it is not enough, in order to establish the liability of one person for the negligence of another, to show that the person whose negligence caused the injury was, at the time, acting under an employment by the person sought to be charged. It must be shown in addition that the employment created the relation of master and servant between them. Unless the relation of master and servant exists, the law will not impute to one person the negligent act of another. *King v. Railroad*, 66 N. Y. 181 ; *Hexamer v. Webb*, 101 N. Y. 377 ; *Ricci v. Mueller*, 41 Mich. 214 ; *Brohl v. Lingeman*, 41 Mich. 711.

If the plaintiffs were entitled to recover anything, they were entitled to the five thousand dollars sued for, and the fact of the jury returning a verdict for seven hundred dollars indicates a compromise between sympathy and law. The demurrer to the evidence ought to have been given. We may as well remark here that trial

courts should not hesitate to sustain demurrers to the evidence, when there is so palpable a failure of proof as in this case.

The other judges concurring herein, the judgment of the lower court will be reversed.