# Richmond.

## BOARD OF TRADE BUILDING CORPORATION v. CRALLE.

### March 11, 1909.

1. MASTER AND SERVANT—*Who is Not a Servant—Employment by a Servant—Passenger Elevators.*—The owner of a passenger elevator is not responsible for an injury inflicted on a passenger by the negligence of an operator not employed, directly or indirectly, by the owner, but who was merely requested to operate the elevator for that trip by an "office boy" of the owner who had no power or authority, express or implied, to employ a servant for the owner. A master is liable for an injury inflicted on a third person by the acts or omissions of his servants while acting within the scope of their employment and in furtherance of it, but he is not liable as master where he does not occupy the relation of employer to the person whose negligence occasioned the injury.

2. MASTER AND SERVANT—*Employment by Servant—Assistants—Authority—Negligence.*—A master is liable for the negligence of a person employed by his servant in the prosecution of the master's business, or of a person who assists his servant at his request, provided the servant had express or implied authority to procure assistance, and the negligent act complained of was done within the scope of the employment.

3. CARRIERS—*Injury to Passengers—Proximate Cause—Leaving Elevator Door Open—Operation by Stranger.*—Leaving an elevator door open while the "elevator boy" is temporarily absent in another part of the building is not the proximate cause of an injury inflicted on a passenger by the negligence of a stranger who undertakes to operate the elevator, nor was such an injury reasonably to have been anticipated by the owners of the elevator.

Error to a judgment of the Law and Chancery Court of the

city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Cabell & Cabell* and *Hughes & Little,* for the plaintiff in error.

*R. H. Bagby, R. C. Marshall* and *Thorp & Bowden,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries suffered by the defendant in error whilst on a passenger elevator of the plaintiff in error. There was a verdict and judgment against the defendant in the trial court, and to that judgment this writ of error was awarded upon its petition.

The evidence, so far as it is material to the questions involved in this court, shows that the defendant company was the owner of a seven story office building in the city of Norfolk, in which it operated two passenger elevators. On the seventh floor of the building are the rooms of the Board of Trade and Business Men's Association of the city of Norfolk, of which the plaintiff was a member. On a Sunday morning in May, 1907, the plaintiff, between eight and nine o'clock, entered the hall or lobby of the defendant's building for the purpose of going up to the rooms of the Board of Trade. On entering, he found one of the elevators at that floor with the door open but no elevator boy in sight. At the bottom of the elevator well, under the other elevator, was an employee of the defendant, named Zachary, engaged in oiling its machinery. He was the "hall boy" of the building, but it was a part of his duty to assist the elevator boys in oiling the elevator machinery every Sunday

morning. The plaintiff, not seeing an elevator boy, enquired of Zachary where he was. In reply (both of the elevator boys being in the building, one getting oil on that floor, and the other on the fourth floor changing his clothes, as Zachary testified) he told a boy standing in the lobby to take the plaintiff up in the elevator. This the boy did, and as the plaintiff was stepping out of it at his point of destination, the boy started the elevator down at a very rapid speed, carrying the plaintiff with it, and causing the injuries complained of. The boy was not an employee of the defendant, but had come into the building to borrow a chair to take across the street to a barber shop where he worked.

The plaintiff testified that he did not know that the boy was not connected with the elevator, but presumed that he was a regular elevator boy; that he did not know them as they were frequently changed.

Zachary testified that he instructed the boy how to manage the elevator when he asked him to take the plaintiff up, but the plaintiff denies that he heard it. The evidence is also conflicting as to whether the elevator boys always wore uniforms when on duty. The plaintiff, who was frequently carried on the elevator, says that the boy in question did not have on a uniform, and that the elevator boys did not always wear them.

It further appeared that no one was authorized to employ elevator boys except the machinist and engineer in charge of the building, and that the elevator boys were the only persons who had any right to run the elevators, though Zachary testified that he did occasionally, for a few moments at a time, operate them when the elevator boys were not in place. There was evidence tending to show that one of the elevator boys had been in the service of the defendant as such for about a year, and the other for seven or eight months.

The declaration charged several acts of negligence on the part of the defendant, but the material question involved here

is whether or not the defendant is responsible for the act of the boy operating the elevator at the time the plaintiff was injured, as its employee or otherwise. This question was raised by the plaintiff's instruction No. 1, which was given, and by the instruction copied in bill of exceptions No. 2, asked for by the defendant and refused by the court. Those instructions are as follows:

"1. If the jury shall believe from the evidence that the plaintiff found the door of said defendant's elevator in said premises open between the hours of 7 A. M. and 2 A. M. on the day of the accident he had the right to take passage upon said elevator to be transferred to the seventh floor of said premises, and, if he did so, it became and was the duty of the defendant to provide a competent operator to run said elevator. And if the jury shall believe from the evidence that the plaintiff did find said elevator open between the hours aforesaid and did take passage thereon as aforesaid and that the defendant negligently allowed a boy who was not a competent operator and not in defendant's employment, to take charge of said elevator and operate the same, and the plaintiff was injured as charged in the declaration by reason of the unskilful operation of said elevator by said boy, then they shall find for the plaintiff, unless they shall further believe from the evidence that the plaintiff at the time he so became a passenger upon said elevator knew, or by the exercise of ordinary care ought to have known, that said boy was incompetent, or not in the employment of said defendant for the purpose of operating elevators."

## (DEFENDANT'S INSTRUCTION.)

"Even if the jury believe from the evidence that the plaintiff was injured while a passenger upon the elevator of the defendant, and that such injury was caused by the negligence of the person operating it, if they also believe that such person

was directed to operate it by Oscar Zachary, without the knowledge or means of knowledge, or consent, or authority of the defendant, they will find for the defendant."

While it is well settled that a master is liable for the acts or omissions of his employees which result in injuries to third persons, when the act or omission of the employee was within the scope of his employment and in the line of his duty while engaged in such employment, it is equally well settled that neither the principle upon which that rule is based (*"qui facit per alium facit per se"*), nor the rule itself, can apply to a case where the party sought to be charged does not stand in the character of employer to the party by whose negligence the injury was occasioned. See *Muse* v. *Stern,* 82 Va. 33, 40-2, 3 Am. St. Rep. 77; *Ricci* v. *Mueller,* 41 Mich. 214, 2 N. W. 23; *McKinzie* v. *McLeod,* 10 Bing. 385; *Mangan* v. *Foley,* 33 Mo. App. 250; *King* v. *N. Y. C. & H. R. R. Co.,* 66 N. Y. 181, 184, 23 Am. Rep. 37; *McGuire* v. *Grant,* 25 N. J. Law, 356, 67 Am. Doc. 49.

It also seems to be settled that the master is liable for the negligence of a person employed by his servant in the prosecution of the master's business, or of a person who assists his servant at his request, provided the servant had express or implied authority to procure assistance, and the negligent act complained of was done within the scope of the employment. See 26 Cyc. 1521; *Quarman* v. *Burnett, &c.,* 4 Jurist, 969; *Haluptzok* v. *Great Northern, &c. R. Co.,* 55 Minn. 446, 57 N. W. 144, 26 L. R. A. 739.

The uncontradicted evidence shows that Zachary, the "hall boy," had no express authority to employ anyone to operate the elevators. It being no part of his duty to operate them or to see that they were operated, it would seem clear that he had no implied power to employ another to do work he was not employed to do, and for the doing of which he was in no way responsible.

In the case of *Taylor* v. *Baltimore & Ohio R. Co.*, 108 Va. 817, 62 S. E. 798, 2 Va. App. 650, recently decided by this court, which involved the question of whether or not the railroad company was liable for injuries suffered by the plaintiff, who had been requested by the conductor in charge of a freight train of the railroad company to assist him in unloading freight as he was late and his men were out of place, it was held that the plaintiff was not entitled to recover, because the conductor had no authority to create the relation of master and servant between the railroad company and the plaintiff, as well as because he had no intention of creating such relation in requesting the plaintiff to assist him in his work. It was held in that case, quoting with approval 1 Elliott on Railroads, sec. 202, that while the conductor has no general authority to make contracts on the part of the company he "may in rare instances of necessity, when circumstances demand it, bind the company by such contracts as are clearly necessary to enable him to carry out his prescribed duties."

If a conductor in charge of a freight train has no implied authority to employ another to assist him in performing his duties when his train is behind time and a brakeman is out of place, *a fortiori,* Zachary, the "hall boy," who was not charged with the duty of operating the elevator or of seeing that it was operated, could not create the relation of master and servant between the defendant and the boy running it when the plaintiff was injured because the elevator boys were out of place and the plaintiff was being delayed.

Since the relation of master and servant did not exist between the boy running the elevator at the time of the accident and the defendant, it was not liable as master or employer for the injuries resulting to the plaintiff from the boy's incompetency or negligence. If liable to the plaintiff at all, it must be because the defendant was guilty of negligence in leaving the elevator door open with no one in charge of it when the plaintiff

came into the hall to be carried upon it, and that this negligence was the proximate cause of his injuries.

Conceding for the purposes of this case that the conditions which existed at that time were not merely a breach of the contract between the defendant and the Board of Trade by which the former had agreed to keep in operation a sufficient number of elevators, not exceeding two, to maintain prompt service, but was actionable negligence, was that negligence the proximate cause of the injury?

In the case of *Connell, &c.* v. *C. & O. Ry. Co.,* 93 Va. 44, 59-60, 24 S. E. 467, 32 L. R. A. 792, 57 Am. St. Rep. 786, it was held, quoting the language of Justice Miller, in *Scheffer* v. *R. R. Co.,* 105 U. S. 249, 26 L. Ed. 1070, that "to warrant a finding that negligence or an act not amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Winfree* v. *Jones,* 104 Va. 39, 44, 51 S. E. 153, 1 L. R. A. (N. S.) 201, and cases cited.

It was said in the last cited case, that "a natural consequence is one which has followed from the original act complained of in the usual, ordinary and experienced course of events. A result, therefore, which might reasonably have been anticipated or expected."

In *Fowlkes* v. *Southern Ry. Co.,* 96 Va. 742, 32 S. E. 464, it was said: "It is not only requisite that damage, actual or inferential, should be suffered, but this damage must be the legitimate consequence of the thing amiss. The maxim of the law here applicable is that in law the immediate and not the remote cause of any event is regarded. * * * If injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate

consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote."

Applying these principles to the facts of this case, it seems clear that the condition in which the elevator was when the plaintiff entered the defendant's building to become a passenger upon the elevator was not the proximate cause of the plaintiff's injury. It cannot be said that the natural and probable consequence of leaving the elevator door open while the boy in charge of it was temporarily absent in the building, getting oil or putting on his uniform, would be that a stranger, either as a volunteer or at the request of one of the defendant's employees, without express or implied authority, would undertake to operate the elevator and by his incompetency or negligence injure a person who, during the elevator boy's absence, might come into the building to be carried on the elevator. Neither can it be said that the defendant ought reasonably to have foreseen that such an injury, or any injury, might probably result from leaving the elevator in the condition in which it was, in the light of attending circumstances.

It follows from what has been said, that the court is of opinion that the trial court erred in giving the plaintiff's instruction No. 1, and in refusing to give the defendant's rejected instruction, and that for those errors its judgment must be reversed.

Having reached this conclusion, it is unnecessary to consider the remaining assignment of error, that the court erred in refusing to set aside the verdict of the jury.

The judgment will be reversed, the verdict set aside, and the cause remanded for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*