. JOHN BOCK & another *vs.* KITTIE C. WALL.

Norfolk.    November 18, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Evidence,* Relevancy and materiality, Of motive. *Prescription.*

At the trial of a petition filed in 1906 under the mill act by an upper riparian owner for damages alleged to have been suffered by the petitioner by reason of his land being flowed by a mill dam maintained by the respondent below him, where the respondent contended that she had a right by prescription to maintain the dam at the height objected to by the petitioner, the respondent was allowed to introduce in evidence a deed by one, who formerly had owned the respondent's premises and adjacent land, conveying to another in 1876 the adjacent land and covenanting for himself and his heirs and assigns, for a reason stated, to maintain the dam " to at least its present height," which was the height to which the petitioner objected. *Held,* that the deed was admitted rightly as tending to show that the grantor and his successors had a motive to do what the respondent, one of the successors, contended that they had done.

Where it is a material question whether a certain person did a certain act, the existence of a motive on his part to do or to refrain from doing that act is relevant.

PETITION, filed on August 2, 1906, under R. L. c. 196, for damages sustained by the petitioners, upper riparian proprietors on the Stop River, by reason of the flooding of their land by water set back by the respondent's dam below them.

The respondent in her answer alleged " that she and those under whom she claims have had peaceable possession and occupation of said mill and water works and dam and have maintained said dam at its present height for more than twenty years prior to the first day of August, 1903."

The case was tried in the Superior Court before *Wait,* J. The jury found for the respondent; and the petitioners alleged exceptions.

The facts material to these exceptions are stated in the opinion.

*R. Clapp*, for the petitioners.

*H. E. Ruggles*, (*J. B. Crawford* with him,) for the respondent.

SHELDON, J.    The question contested was whether the respondent's dam had been maintained at its present height for more than twenty years before the bringing of the petition. The evidence was conflicting.   There was evidence that in 1876 one Campbell owned the respondent's premises and an adjacent piece of land upon which a pond had been created by this dam.   The respondent was allowed to put in evidence a deed of the adjacent land given in March, 1876, by Campbell to the New York and New England Railroad Company, in which deed Campbell covenanted for himself and his heirs and assigns to maintain this dam " to at least its present height," so that the water in the pond should not be drawn down below its level then existing.   The petitioner contends that this was erroneous.

In our opinion the deed was rightly admitted.   It created, or could be found to have created, an obligation upon Campbell and his successors in title to keep the dam at the same height that it then was; and there was evidence that this was the same height at which it had been ever since maintained.   The deed brought about a permanent condition of affairs affecting the use of Campbell's estate and imposing a duty upon all future owners thereof.   The existence of such a duty and obligation furnished a motive, perhaps a strong motive, on the part of Campbell and his successors to comply with its requirements and thus avoid the liability under which they otherwise might be placed.   But when it is disputed whether certain persons have done a certain act, the existence of a motive on their part to do or to refrain from doing that act is relevant.   *Hanson & Parker* v. *Wittenberg*, 205 Mass. 319, 327.   This is the underlying element in such cases as *Clark* v. *Brown*, 120 Mass. 206, and those cited in *Conklin* v. *Consolidated Railway*, 196 Mass. 302, 306.   The rule has been frequently applied in criminal cases, in which it is held that while the prosecution is not obliged to show a motive for the commission of an alleged crime, evidence of the existence of such a motive is competent and material.   *Commonwealth* v. *Richmond, ante*, 240.   *Commonwealth* v. *Jeffries*, 7 Allen, 548,

566. The rule is stated and the authorities are collected in 12 Cyc. 149, 150. It follows that this deed was rightly admitted, not as a declaration of the grantor, but to show that he and his successors had a motive to do what the respondent contended that they did do, and thus to corroborate the other evidence upon which she relied.

The petitioners did not care to press their exception to the admission of the letter from the secretary of the receivers of the railroad company, if the deed was rightly admitted.

The circumstances before us and the ground of our decision differ entirely from those that appeared in the cases relied on by the petitioners.

*Exceptions overruled.*