[Colley v. Lewis.]

# Colley *v.* Lewis.

## *Damage for Automobile Collision.*

(Decided January 16, 1913.  61 South. 37.)

1. *Master and Servant; Injury to Third Person; Operation of Automobile.*—Where plaintiff was injured by an automobile belonging to defendant while being operated by a servant who had been instructed by defendant to repair the same, defendant could not escape liability for the negligence of the servant by reason of the fact that the service in repairing the machine was gratuitous, if at the time of the collision, the use of the machine by the servant was incidental to the service which the servant had undertaken to render.

2. *Same; Scope of Authority.*—Where defendant had left his automobile in charge of a servant with directions to repair the same, and take it to a particular place when repaired, and after repairing the machine, the servants and two companions drove it several miles into the country and negligently collided with a wagon on which plaintiff was riding, when returning, and there was some evidence that at the time of the collision the servant had not abandoned his duties of employment, but was using the machine in furtherance of the service in order to test it, after making the repairs, it could not be said as a matter of law that he was acting outside the scope of his authority, and using the machine for his own purpose at the time of the injury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. THOMAS W. WERT.

Action by J. F. Lewis against E. H. Colley, for damages sustained in an automobile collision. Judgment for plaintiff and defendant appeals. Affirmed.

FRANK L. WARD, J. T. STOKELY, and R. H. SCRIVE-. NER, for appellant. The statement of Joseph made to plaintiff was inadmissible to prove the relationship of principal or agent, or master and servant.—*L. L. Lumber Co. v. Ohatchie L. Co.,* 111 Ala. 453; *Gambil v. Fuqua,* 148 Ala. 448. We cannot see how, under the evidence, defendant can be made liable for the acts of Joseph.—*Gassenheimer v. Wes. Ry.,* 57 South. 718; 49

[Colley v. Lewis.]

South. 650; 55 South. 134; 57 South. 23; 135 Ala. 376; 5 L. R. A. (N. S.) 599.

FRANK S'. WHITE & SONS, for appellee. The appeal was from an order overruling motion for new trial, and the appellate court will not weigh the evidence to see on which side there is a preponderance.—*Cobb v. Malone,* 96 Ala. 630; *B. R., L. & P. Co. v. Denison,* 163 Ala. 46, and authorities cited.

WALKER, P. J.—It is not questioned that the appellee (the plaintiff below) sustained injuries in person and property as the result of an automobile, which belonged to the appellant, colliding with the wagon in which the appellee was riding, and that the evidence was such as to make it a question for the jury whether the collision and the consequent injuries were attributable to the negligence of the person who was in charge of and operating the automobile. The appellant bases his claim to exemption from liability for the wrong upon the ground that he did not at that time bear any such relation to the person who was operating the automobile as to render him responsible for that person's negligent operation of the machine. The following facts were disclosed by the evidence: About 11 o'clock in the night before the morning of the collision the defendant's automobile got out of order while he was riding in it and stopped in a street in the city of Birmingham some distance from the Bonita Theater, at which place the appellant was engaged in the business of running a moving picture show. When this happened the appellant went to the theater, and, accompanied by a Mr. Joseph, who was an electrician employed by him as an operator of a moving picture machine, and two other theatre employees, returned to the place at which he

had left the automobile, and was there engaged with the three other men in trying to get the automobile fixed so that it would run until about 11:30 o'clock, when he left to catch a street car to his home, leaving the automobile, the trouble with which had not been discovered, in charge of Mr. Joseph, and telling him that when he got through with it to leave it in front of the theater. Joseph continued to work on the machine with the assistance of the two other men until about 1 o'clock, when he succeeded in getting it to run. He ran it to the theater, and then with his two companions rode out several miles into the country with it, and was returning to Birmingham at an early hour in the morning when the collision occurred. There was some evidence tending to show that Joseph in driving around in the machine was testing it to see if it worked all right. Other evidence tended to show that Joseph, in taking the drive into the country, was using the machine for a purpose of his own and of the companions who accompanied him having no connection with the purpose for which the custody of the machine had been intrusted to him by the appellant.

It is mentioned in the argument of the counsel for the appellant, as having some bearing upon the question of his liability, that Joseph was employed and paid to run a moving picture machine, and that it was not a part of his duty as such employee to repair or operate the appellant's automobile. If at the time of the collision Joseph's use of the machine was incidental to the service in reference to it which he had undertaken for the appellant, the fact that that service was rendered gratuitously would not enable the appellant to escape liability for Joseph's negligence.—Cooley on Torts (3d Ed.) p. 1007. But there was evidence tending to prove that

one of Joseph's duties as an employee was to fix or repair his employer's automobile when called on to do so.

It is not denied that the contention of the appellant would have to be sustained if the necessary inference from the evidence in the case was that at the time of the collision the person in charge of the automobile was in no manner engaged in rendering the service for the performance of which its custody had been intrusted to him, but, without authority from its owner, was using it for some purpose of his own having no relation to such service.—*Henderson-Mizell Mercantile Co. v. Chapman,* 3 Ala. App. 296, 57 South. 82. On the other hand, that contention cannot be sustained if there was evidence having a tendency to prove that the person in charge of the automobile was then running it for a purpose not foreign to the task which had been assigned to him by its owner, so that it properly could be said that he was then acting within the scope or range of his employment. The inquiry then is: Was there such evidence?

The extent of Joseph's authority to operate the automobile was largely a matter of inference or implication from the occasion and circumstances of its being left in his charge. At that time there was some undiscovered trouble with the machine which prevented the running of it. The effort to locate the trouble had been unsuccessful. It cannot be said that the jury would not have been warranted in inferring from the circumstances attending the leaving of the machine in Joseph's charge that he was expected by its owner, the appellant, to locate the trouble, to apply a remedy, and to see that what he did to remove the trouble was effectual and successful before leaving the machine at the place mentioned by its owner, and that it was left to his judgment and discretion to choose the means to be adopted

to accomplish these results. We cannot affirm that it
was a necessary inference from the evidence that the
authority of Joseph to run the machine after he discov-
ered and undertook to remedy the trouble with it was
limited to his driving it directly to the place mentioned
by the owner and leaving it there. While some of the
evidence as to the circumstances of the drive into the
country tended to negative a conclusion that the taking
of that drive had any connection with Joseph's perform-
ance of the duty which he had undertaken for his em-
ployer, yet it cannot be denied that there was other evi-
dence in the case having a tendency to support the con-
clusions that Joseph was impliedly empowered to test
the efficacy of the remedy adopted by him when he dis-
covered what was wrong with the automobile, and that
in taking the ride into the country he was actuated by
a bona fide purpose of seeing if the machine would run
satisfactorily. The evidence in the case was such that
the jury might have found either that at the time of the
collision Joseph and his companions were indulging in
a joy ride having no connection with the performance
of any service for the owner of the automobile, and
wholly unauthorized by him, or that their enjoyment
of the ride was merely incidental to a use to which the
machine was being put in the execution of the purpose
for which it had been left in Joseph's charge.

When, under the evidence in a case, it is a matter of
doubtful implication whether the use to which one's
property was being put by his agent, at the time when
injury to a third person resulted from its negligent use,
was one incidental to the exercise of an authority con-
ferred upon the agent or was a use of the property by
the agent for some private purpose of his own having
no relation to the execution of his agency, it is pertinent
to inquire into the purposes or intent by which the

agent was actuated in putting the property to such a use. If such inquiry leads to the conclusions that it was a matter impliedly left to the judgment or discretion of the agent whether or not he would put the property to such a use, and that in putting it to such a use he was endeavoring to promote an object of his agency, then it is not to be said that in doing so he was acting outside of the range or scope of his employment. The result of the inquiry as to whether he was acting within or without the scope of his employment may turn upon the presence or absence of a motive on his part to perform a .duty incident to the service which he had undertaken for his employer. The failure to discover the existence of any such motive may be a controlling consideration in favor of the conclusion that he is not to be regarded as having been at the time in question any longer engaged in his employer's business.—*Birmingham Waterworks Co. v. Hubbard,* 85 Ala. 179, 4 South. 607, 7 Am. St. Rep. 35; *Cobb v. Simon,* 119 Wis. 597, 97 N. W. 276, 100 Am. St. Rep. 909; 26 Cyc. 1534; 2 Cooley on Torts (3d Ed.) 1022.

As there was evidence in the case from which the jury might have inferred that at the time of the collision which resulted in injury to the appellee the person in charge of the automobile had not abandoned the duties of his employment, but was still using the machine in furtherance of the service which he had undertaken for his employer, it cannot be said that there was an absence of evidence to support a finding that he was then acting within the scope of his employment. Such a finding, coupled with the further finding that there was negligence and injury as alleged, would justify a verdict in favor of the plaintiff.—*Gilliam v. South & North Ala. R. Co.,* 70 Ala. 268; *Williams v. Hendricks,* 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St.

[Pantaze v. West.]

Rep. 32; *Barmore v. Vicksburg, S. & P. Ry. Co.,* 85 Miss. 426, 38 South. 210, 70 L. R. A. 627, 3 Ann. Cas. 594. The evidence in the case was such as to make the question of the plaintiff's right to recover one for the jury, and it is not made to appear that the trial court was in error in refusing to disturb the verdict.

Affirmed.