## CHARLESTON.

WOODROE BRIGHTWELL, *Infant, Etc. v.* P. A. SIMPSON

(No. 6210)

Submitted November 21, 1928. Decided December 4, 1928.
(Rehearing Denied January 8, 1929)

*Blue, Dayton & Campbell,* for plaintiff in error.
*J. Blackburn Watts* and *George H. Williamson,* for defendant in error.

**472**

HATCHER, JUDGE:

The plaintiff was struck and injured May 4, 1927, by a truck owned by defendant, and driven by Dick Beury. The jury assessed plaintiff's damages at $5,500.00, and judgment for that amount was entered by the trial court.

The defendant is in the floral business, but does not devote his time exclusively thereto, being also an undertaker. At the time of the accident, Beury had been directed by E. J. Wagner to drive the truck on a mission connected with defendant's floral business. Wagner had been employed by defendant in February, 1927, as a designer and decorator in the floral store. Both defendant and Wagner testify that Wagner had no authority to hire labor, and the defendant says he had forbidden Wagner "to put Dick on the truck under any circumstances." The plaintiff introduced evidence tending to show that the hiring of Beury was within the scope of Wagner's implied authority. The major charge of error is lodged against an instruction of plaintiff given on that question, which is as follows:

"The Court instructs the jury that if you believe from a preponderance of the evidence in the case that E. J. Wagner was, at the time of the accident in controversy, in charge of the Simpson Floral Company acting under the directions and supervision of P. A. Simpson, and that the said Wagner engaged and directed Richard Beury to drive the truck of defendant on the occasion of said accident, and that the said driving was in furtherance of the business of the said Simpson Floral Company, and if you further believe it was within the scope of the employment of the said Wagner to so engage and direct the said Beury, or if not within the scope of the employment of said Wagner, that the said Simpson prior to the date of said accident knew that the said Wagner was at times employing or permitting said Beury to drive said truck in the carrying on the business of the said Simpson Floral Company, and by his conduct impliedly consented thereto and acquiesced therein and such acquiescence continued up to the time of the accident, then you are in-

> structed that under the law Beury while driving said truck was the agent of the Simpson Floral Company, and his negligence, if any, on the occasion of the accident in controversy is chargeable to the defendant Simpson.''

The defendant says the evidence does not support the instruction. In reply, the plaintiff points to the following evidence: Beury testified that before Easter 1927 the defendant asked him in the presence of Wagner if he had a chauffeur's license, and he answered no; that defendant told Wagner not to let anybody drive the truck who did not have a license; that Wagner then said to the witness if he wanted to drive to get a license; that he did get a license two days before Easter and was employed by Wagner to drive the truck Friday evening, Saturday and a part of Easter Sunday; and that as he started with the truck Friday he was observed by defendant who merely cautioned him to drive carefully. The defendant denies seeing Beury driving the truck at Easter but admits asking before that time if he had a chauffeur's license. In explanation of his inquiry as to the license, defendant said that such a license was required of all his employees because they acted as ''footmen''; but later admitted that he did not know that the duties of ''footman'' required a license. Wagner admits telling Beury before Easter that he would have to secure a chauffeur's license. Wagner denies employing Beury at Easter to drive the truck but admits directing him to take the truck on the day of the accident. Eddie Carskadon testified that he applied to defendant for a job at Easter 1927 and defendant directed him to see Wagner who would put him on if he was needed; that Wagner did employ him to go with the truck and deliver flowers; that the truck was driven during Easter by Beury; and that Wagner supervised the work and figured up the time.

There is other evidence tending to show that Wagner performed managerial duties. No explanation appears why defendant should have deemed it expedient to forbid Wagner putting Beury on the truck—if Wagner in fact had no implied or assumed authority to do so. The very prohibition implies that Wagner had such authority, which defendant

desired to withdraw so far as it applied to Beury. We are accordingly of opinion that there is sufficient evidence to warrant the instruction. True it is that the evidence of plaintiff's witnesses is seriously controverted, but the credibility of the witnesses is a jury question.

Defendant carried insurance against liability for the negligent operation of the truck. The insurance was inoperative, however, in case the driver of the truck was under the age of sixteen years. Beury was under that age. Simpson was not permitted to testify as to the ineffectual insurance. He contends that owing to the known facts that many owners of motor driven vehicles do carry insurance, and that juries are sometimes less considerate of an insurance company than of an individual in the assessment of damages, the ruling of the court was error. We see no reason for refusing a defendant permission to disclaim insurance if he has none. But was a denial of that right prejudicial to the defendant? The plaintiff's injuries are listed in the defendant's brief, as follows: "A fracture of the lower end of the left radius, that being the large bone at the wrist; a fracture of the lower end of the large bone of the thigh; a fracture of the left femur; a pulling apart of the ileo-sacral joint and a pulling apart of the pubic bone, which was also slightly rotated * * *; a laceration of the right arm and a surgical laceration of the left forearm." The lacerations required considerable suturing and the fractures "a body cast", in which plaintiff remained for more than a month. His injuries caused him "a great deal" of pain, and it is questionable whether he will ever recover the normal use of his left knee. An assessment of $5,500.00 as damages for such grave injuries does not indicate that the defendant was prejudiced by refusing him the privilege of informing the jury that he had no insurance covering the case.

Defendant says that his reason for prohibiting Beury's employment on the truck was because his insurance policy gave him no protection against Beury's negligence; and further complains because he was not allowed to go into the matter of insurance and give the jury that reason. His brief argues in this manner: "The question naturally arising in

the minds of the jury was this: What were Simpson's reasons for refusing to give Dick Beury permission to drive his truck and for issuing emphatic instructions to his employees not to allow Dick Beury to drive the truck? If Simpson's reason was poor, the jury might very well conclude to disregard Mr. Simpson's testimony; but on the other hand, if Mr. Simpson's reason was good and such as would influence the average man similarly situated, then the jury would very properly give great weight to Mr. Simpson's testimony on this vital issue of the case." In civil cases motive is ordinarily immaterial. 22 C. J., p. 175, sec. 114. It is well recognized, however, "that whenever the motive, intention or belief of a person is relevant to the issue, it is competent for such person to testify directly upon that point." Jones Com. on Ev. (2nd ed.) sec. 709; 10 R. C. L., p. 946, sec. 116. In other words motive may be admissible, when the commission of a material act by a certain person is disputed. *Bock* v. *Wall*, 207 Mass. 506, 507. The only act to which the above reason of defendant is relevant is his order to his employees not to permit Beury to drive the truck. The defendant testifies that he gave the order, his employees corroborate him, and no one denies his testimony. The above argument therefore has no application because *there was no dispute, no issue* on whether he gave the order. We may take it as thoroughly established that defendant gave the order; but that fact does not affect plaintiff's right of recovery. His right is based on the apparent authority of Wagner to hire Beury to drive the truck. It is an *elementary* principle of the law of master and servant that if an act is within the implied authority of the servant, the master is bound thereby, although the act was expressly forbidden by him. *Gregory's Admr.* v. *Rr. Co.*, 37 W. Va. 606, 614, 615; *Merrill* v. *Torpedo Co.*, 79 W. Va. 669; 18 R. C. L., p. 797, sec. 255; 39 C. J. p. 1285, sec. 1477. If Wagner had such implied authority, and the jury has so found, then Beury became the servant of the defendant, despite the defendant's express instruction to the contrary. Beury was engaged at the time of the accident in the performance of the very act for which he had been employed. That act was in furtherance of defendant's business. Another fundamental principle of the law of

476

master and servant is that "the master is liable for the negligence of a person employed by his servant in the prosecution of the master's business, or of a person who assists his servant at his request, provided the servant had express or implied authority to procure assistance, and the negligent act complained of was done within the scope of the employment." *Board of Trade, etc.* v. *Cralle*, 109 Va. 246, 63 S. E. 995, 26 L. R. A. (N. S.) 297, 300. 39 C. J., p. 1271, sec. 1458.

As the law and the evidence support the recovery and we find no error prejudicial to defendant, the judgment of the lower court is affirmed.

*Affirmed.*