W. H. O'DELL, *Admr.*, *v.* UNIVERSAL CREDIT COMPANY

(No. 8502)

Submitted April 21, 1937.  Decided May 25, 1937.

Fox, Judge, absent.

*Joseph F. Hogan, Koontz & Hurlbutt* and *W. Elliott Nefflen,* for plaintiff in error.

*John T. Copenhaver* and *Mose E. Boiarsky,* for defendant in error.

HATCHER, JUDGE:

Plaintiff recovered a judgment of $1750.00 against defendant for the wrongful death of his decedent.

Defendant purchases from dealers the sales contracts of automobiles sold on credit. Robert Stokeley is its field representative in territory around Charleston, and defendant furnished a car to be used and driven only by him. Occasionally he would repossess a car, in which case he had authority to hire someone to drive it to Charleston. He was accustomed to have Edward Hager perform that service, and in order to insure his presence when needed, would take him regularly on trips, personally giving him small sums now and then, but paying him on behalf of defendant only for driving repossessed cars. Hager lived several miles from Charleston, and did not own a car. He testified that the night of the fatality, Stokeley said to him they would leave early on a business

trip the next day, and for Hager to drive the car home so that he could return to Charleston the following morning soon enough to facilitate their early departure. Decedent was struck and killed by the car while Hager was on his way home. Stokeley testified that he had not authorized Hager to drive the car home, but had directed him to leave it at a city filling station overnight.

Action was instituted against defendant and Hager jointly; but on the voluntary motion of plaintiff, Hager was dismissed before trial.

Defendant contends that the dismissal of Hager was, in effect, an adjudication that he was not liable, and if so, defendant should also have been dismissed, since its liability is dependent upon Hager's; that Stokeley did not have authority to permit Hager's use of the car; that at the time of the accident, Hager was not its employee, nor was he furthering its business; and that decedent was contributorily negligent.

Plaintiff's cause of action against Hager and defendant was in its nature joint and several. *Bloss* v. *Plymale*, 3 W. Va. 393, 404-5, 100 Am. Dec. 752; *Eggleston* v. *Tanner*, 86 W. Va. 385, 103 S. E. 113; *Wills* v. *Coal Co.*, 97 W. Va. 476, 478, 125 S. E. 367; Cooley on Torts (4th Ed.), secs. 86-7; Pollock on Torts (13th Ed.), p. 202. Since initially plaintiff might have sued only one, he did not lose the right of proceeding to judgment against one by voluntarily dismissing the other. Had Hager been dismissed after exoneration, that would have terminated defendant's liability, it being predicated solely on his alleged wrong-doing. *Wills* v. *Coal Co.*, 104 W. Va. 12, at 17-18, 125 S. E. 367. But the record shows clearly that he was not dismissed on the merits. In such case a different rule prevails and one different from the rule in actions *ex contractu*. The effect of dismissing Hager was to relinquish the instant action against *him only*. *Bloss* v. *Plymale, supra,* at p. 404. Accord: *U. S.* v. *Linn*, 1 Howard 104, 107-8, 11 L. Ed. 64; *Montgomery Gas-Light Co.* v. *Ry. Co.*, 85 Ala. 372, 5 So. 735, 736; *Allen* v. *Craig*, 13 N. J. L. 294; *Sloan* v. *Herrick*, 49 Vt. 327; *Thomas* v. *Hoffman*, 22 Mich. 44; *Matheson* v.

*O'Kane,* 211 Mass. 91, 96, 97 N. E. 638, 39 L. R. A. (N. S.) 475, Ann. Cas. 1913B, 267; *Ivanhoe* v. *Crowder,* 110 Va. 387, 66 S. E. 63; Annotation 58 L. R. A. 303, et seq; 18 C. J. 1162; 7 Standard Ency. Procedure, 667. It will be noted that the above Alabama and Virginia citations, respectively, are cases against master and servant for the tort of the servant, in which the latter was dismissed without affecting the liability of the former.

In furnishing the car to Stokeley for his exclusive use, defendant apparently surrendered to him absolute authority over the car. If Stokeley directed Hager to take the car home—and the jury so found—defendant cannot escape the effect of Stokeley's apparent right to do so. *Brightwell* v. *Simpson,* 106 W. Va. 471, 475, 146 S. E. 383. Whether the means he employed to have Hager on hand when needed were the most practical, is immaterial. Stokeley's express authority to hire a driver for repossessed cars included the right to exercise his discretion in procuring the driver.

Master and servant relationship is said to be incapable of accurate definition in general terms. Restatement, Agency, section 220. However, the relationship is commonly understood to arise when one person subordinately serves another, both consenting thereto. It does not "at all depend on whether the master was to pay anything, nor whether the service was permanent or temporary. His control of the action of the other is the important circumstance, and the particulars of the arrangement are immaterial." Cooley, *supra,* sec. 383. Accord: *Tompkins* v. *Ins. Co.,* 53 W. Va. 479, at 492, 44 S. E. 439, 62 L. R. A. 489, 97 Am. St. Rep. 1006; *Malcolm* v. *Am. Service Co.,* 118 W. Va. 637, 191 S. E. 527, decided this term; 39 C. J., Master and Servant, secs. 1454-5-6. The relationship may exist outside of actual working time. *Goff* v. *Dairy Co.,* 86 W. Va. 237, 103 S. E. 58; *International & G. N. Ry. Co.* v. *Ryan,* 82 Tex. 565, 18 S. W. 219; *Wilson* v. *Lumber Co.,* 108 La. 590, 32 So. 460; Bailey, Pers. Inj. (2d Ed.), section 26. In the latter case the relationship depends upon connection between the

act in question and the employment. An act expected to contribute even indirectly to the service a person is ultimately to perform may be within the scope of his service. *Kish* v. *California State Automobile Ass'n.*, 190 Cal. 246, 212 P. 27; *Colley* v. *Lewis*, 7 Ala. App. 593, 61 So. 37; *Katz* v. *Wolff & Reinheimer*, 221 N. Y. S. 476, 129 Misc. 384; Labatt Master and Servant (2d Ed.), section 2277; Restatement, *supra*, section 228; the many authorities collated by Judge Riley, in *Meyn* v. *Auto Co.* 118 W. Va. 545, 191 S. E. 558, decided at this term. And the master is answerable to a stranger for the negligent act of a person employed by the master's authorized agent, if the act was within the scope of the person's employment. *Brightwell* v. *Simpson, supra*, 475-6, and authorities cited; *Gibson* v. *Texas Co.*, (Tex.) 20 S. W. (2d) 349; Labatt, *supra*, sections 2224, 2514. A case factually similar enough for comparison is *Snyder* v. *Eriksen*, 109 Kan. 314, 198 P. 1080. An employee was helping to set up an exhibit at a fair. In order to reduce loss of working time while at lunch, he was directed by a superior to drive his employer's truck to and from his home. He did so and the truck struck a stranger, en route. The employer was held liable, the court saying: "The authority to take the truck was not given wholly for the convenience and personal benefit of Petitt (the employee), but he was directed to take it in order to expedite the work at the fair grounds. The direction was given and the truck used, not only upon an express order, but also in order that there might be an earlier return to defendant's service and in furtherance of his interests." Hager's account of his possession of the car at the time of the accident furnished the jury sufficient basis to find that he was using it to facilitate defendant's business.

Decedent was nineteen years old; his hearing was badly impaired though he could distinguish automobile horns. The accident occurred at night on a dry, practically straight, hard-surfaced road sixteen feet wide. The car overtook Thelma Sheppard about 300 feet before striking decedent. According to her testimony, she

heard the car "roaring" before it came in sight; it passed her at a very high rate of speed and more to the left side than the right side of the road; just afterwards, she saw decedent on the left side of the road, "about three feet towards the center of the road from the left" walking in the same direction the car was going; then she heard the car crash; and on proceeding to the place of the accident, she found decedent lying in a ditch on the right of the road, dead, and the car overturned on the left of the road. According to Hager's testimony, he approached the place of the accident on the right side of the road and at a speed of about thirty-five or forty miles an hour; he first observed decedent from a distance, shown to have been about forty feet, and decedent was then near the center of the road; Hager applied his brakes and "cut to the right", and at the same instant, decedent also turned to the right; whereupon, Hager swerved the car to the left, but decedent coincidentally ran to the left directly in front of the car.

The wheels of the car made marks extending back about 120 feet from where it overturned. Skid-marks started on the left side of the road, about 27 feet back of where Miss Sheppard saw decedent, and bore to the right to within about three feet of the right line of the hard surface, a distance of perhaps 25 feet (estimates vary). Then wheel-marks bore to the left consistently the remainder of the 120 feet, crossing the left line of the hard surface, into a parking area, about forty-five feet from where the first skid-marks appeared. Decedent's body was found about eighty feet beyond the place Miss Sheppard saw him. After leaving the road the car "scraped" a twelve-inch telephone pole, shoving it over about six inches at the ground, knocked down several fence posts and then struck "head-on" a car parked in gear, knocking it back about twelve feet, and damaging it as follows: "The right front fender was torn off and the axle was bent and the body was caved in on the right side and the radiator was bursted and the front was broke and both tires were bursted."

There is persuasive evidence that Hager's manner of

driving was primarily negligent and placed decedent in sudden peril. The law makes allowance for the natural alarm of one thus endangered and requires of him merely the care of the average person similarly imperiled. Whether decedent exercised such care or not was a question of fact for the jury. *Warth* v. *County Court,* 71 W. Va. 184, 188-9, 76 S. E. 420; *Roberts* v. *Baltimore & O. Rr. Co.,* 72 W. Va. 370, 78 S. E. 357; *Harrison Engineering & Construction Co.* v. *Director,* 86 W. Va. 271, 103 S. E. 355; *Robertson* v. *Hobson,* 114 W. Va. 236, 239, 171 S. E. 745.

Judgment is affirmed.

*Affirmed.*