## CHARLESTON.

John Wills, Admr. Estate of Tony Wills, Dec'd. *v.* Montfair Gas Coal Company and Thomas Jarrett

Submitted September 3, 1924. Decided November 11, 1924.

1. Master and Servant—*Employer and Superintendent Jointly Liable for Death of Child from Unlawful Employment.*

    A coal mining company, and its superintendent who has the authority to hire and discharge the employees of the company in the operation of its mines, are both liable for employing, suffering and permitting a child under the age of sixteen years to work in the mine in violation of the child labor statute, Sec. 72, Chap. 15-H, Barnes Code 1923, and may be joined as defendants in a suit for recovery of damages for the death of the child resulting from such unlawful employment. (p. 477).

2. Death—*Parent Consenting to Child's Unlawful Employment May Recover for Death, if He Could Have Recovered Had Employment Been Legal, But Cannot Recover if Unlawful Employment Was Proximate Cause of Death.*

    A parent who consents to employment of his child under the age of sixteen years in a coal mine is not precluded from recovery as the sole beneficiary if the accident causing the death of the child in the mine is the result of negligence of the employer, for which recovery could be had if the employment had been legal. He cannot recover if the unlawful employment is the proximate cause of the death of the child. (p. 479).

3. Negligence—*Count Charging Duties, Breach Thereof, and Injury, Held Sufficient.*

    A count in an action for tort based on negligence sufficiently

> states a good cause of action if it clearly charges the duty or
> duties incumbent upon defendants to perform, a proper aver-
> ment of the breach thereof and how committed and the resul-
> tant injury for which damages are claimed.   (p. 480).

Action by John Wills, administrator of the estate of Tony
Wills, deceased, against the Montfair Gas Coal Company and
another.   A demurrer to the declaration was overruled and
the ruling certified for review.

*Affirmed.*

*Shaw & Shaw* and *Poffenbarger, Blue & Dayton,* for plain-
tiff.

*Tusca Morris,* for defendants.

LIVELY, JUDGE:

Having overruled the demurrer to the declaration and to
each count thereof, the circuit court has certified its ruling for
review.

This suit is in case and against the Montfair Gas Coal
Company and Thomas Jarrett, its mine superintendent, for
the death of plaintiff's decedent, Tony Wills, an employee
of defendant Coal Company, alleged to have been caused by
the negligence of both defendants.

The first count charges, in substance, that defendants em-
ployed Tony Wills, a boy under the age of sixteen years, to
work in the coal mine and in which employment he was killed
in the operation of the cars. The unlawful employment of
the boy resulting in his wrongful death in the course of his
employment is the substance of this count.   Defendant says
that there is a misjoinder of defendants in this count; that
defendant Thomas Jarrett, the superintendent, cannot be
joined with the Coal Company because the Coal Company
violated the statute in taking into its employment in its mine
a boy under the prohibited age.   The child labor statute
answers this contention.   Section 72, Chap. 15-H, Code, says:
"No child under the age of sixteen years shall be employed,
permitted or suffered to work in any mine, quarry, tunnel or
excavation"; and Sec. 74-d of the same chapter, makes any
person or any agent or representative of any firm or corpora-
tion who permits or suffers such child to work in violation of

any of the provisions of the act liable to fine for the first vio-
lation, and a more severe penalty for subsequent violations.
The firm or corporation which employs, and the person or
agent who suffers or permits the infant to work, have com-
mitted an unlawful act, and each are liable for an injury
resulting proximately from that unlawful act; and in addi-
tion thereto the person or agent who permits the child to work
is liable to fine, or fine and imprisonment for continued viola-
tion. There is no reason perceived why the Coal Company
and its superintendent who employed and permitted the in-
fant to work in the mine cannot be joined as joint tort feasors.
See *Barger* v. *Hood,* 87 W. Va. 78. If the tortious act be
jointly done, or severally done though for a similar purpose
and at the same time without concert of action, the actors
are joint tort feasors. Ordinarily both parties guilty of con-
current negligent acts may be joined in the action, even
though they had no common purpose and there was no concert
of action. *Johnson* v. *Chapman,* 43 W. Va. 641. There is
no misjoinder of parties in this count. While the decisions
are not harmonious, the weight of authority backed by reason
sustains the right of an injured person to join in the same
action master and servant where the right of action springs
from the wrongful act of the servant for which the master
is responsible. See *Mayberry* v. *Northern Pacific R. Co.,* 100
Minn. 79, 110 N. W. 356, and annotated note to same case in
10 Am. & Eng. Anno. Cases 754. In the *Mayberry* case plain-
tiff's intestate was a switchman in the employ of defendant
railroad company and was killed because he was required to
work in an unsafe place by the company, and because the
other defendants, Wilson the locomotive engineer and Julien,
another switchman, both in the employ of defendant company
negligently failed to discharge their duties as such. The
negligence of the two employees of defendant combined with
the unsafe place in which defendant was working caused the
accident resulting in the death. The only question raised
by the demurrer was whether both the railroad company and
the negligent employees could be joined in the same action;
and which question was decided in the affirmative by the ap-
pellate court. But that point is not raised in the instant case;
the contention being that it was improper to join Jarrett, the

superintendent, with the Coal Company in the first count, and therefore there was a misjoinder of counts.  As above stated there is no misjoinder of parties in the first count, and it follows that there is no misjoinder of counts.

The second count alleges, in substance, that decedent was under sixteen years of age and was employed by defendants, with the consent of John Wills, his father and plaintiff, now suing as administrator, to work in the mine as a trapper, an employment not dangerous, and that afterwards against the consent of his father defendants required him to work in the mine as a snapper or brakeman on its cars used in hauling the coal, a position attended by great danger and risk, disregarding their duty to continue him in the employment as a trapper, and placing him in a position of hazard and danger; and not regarding their duty then and there employed an incompetent, unskilled and careless motorman, a boy under twenty-one years of age, to haul the cars of coal on which Tony became a snapper or brakeman; and while so engaged as snapper, the motor was so negligently and carelessly operated by the incompetent motorman that the cars were thrown from the tracks and Tony caught between them and the wall or face of the coal and killed.  Defendants say that this count is demurrable because it shows on its face that plaintiff, the father and sole beneficiary of any damages which may be recovered by the alleged wrongful death, was guilty of contributory negligence in permitting his boy to work in the mine and is barred from recovery, citing *Morrison* v. *Coal Co.*, 88. W. Va. 158; *Dickinson* v. *Colliery Co.*, 71 W. Va. 325; *Swope* v. *Coal & Coke Co.*, 78 W. Va. 517; and kindred cases. Where the father consents to the employment of his son under sixteen years to work in a mine, he cannot recover for the death of the boy resulting from the ordinary risks of the employment.  He waives the statutory negligence of defendant in employing the son.  Under the statute the mere fact that the minor is injured or killed while in the employment makes a prima facie case of negligence against the employer. *Norman* v. *Coal Co.*, 68 W. Va. 405; *Bobbs* v. *Morgantown Press Co.*, 89 W. Va. 206.  The violation of the statute is considered the proximate cause of an injury which is the natural, probable and anticipated result of the employment.

The minor does not assume the risks incident thereto including the risk of injury by a fellow servant. The father, when he consents, waives the unlawful employment and is estopped from recovery for death from the natural, probable or anticipated consequences of the employment. The negligence complained of in the second count is not the unlawful employment in violation of the statute; but is the transfer of the boy from a place of safety in the mine to a place of hazard, coupled with the negligence of defendants in knowingly employing a young, reckless and incompetent motorman, as a fellow workman, which is charged as the proximate cause of the death. We quote from Judge MEREDITH in *Irvine's Admr.* v. *Tanning Co.,* handed down this term: "As we understand the law, the parent consenting to the unlawful employment wherein his child is injured is barred from recovery only in those cases where the unlawful employment is the direct or proximate cause of the injury. But if death results from some act of negligence of defendant, other than its unlawful employment of the infant, as for example, its failure to provide a reasonably safe place to work, or to provide reasonably safe tools and appliances with which to work, or its positive violation of some statute, other than the statute prohibiting the employment of the decedent, and such act of negligence be shown to be the direct or proximate cause of the injury then the defendant would be liable even though the parent consented to the employment." In *Virginia Iron, Coal & Coke Co.* v. *Tomlinson* (Va.), 51 S. E. 362, the sixth point of the syllabus reads: "Where the death of an infant was caused by the negligence of his employer, the fact that the infant's father consented to the employment did not defeat his right to recover." We find no discussion of the point in the opinion. To the same effect is *Cervinka, Admr.* v. *Adams,* 225 Ill. App. 45; *Marbury Lumber Co.* v. *Westbrook* (Ala.), 25 So. 914; Annotation to *Dusha* v. *Virginia & R. L. Co.,* 23 A. L. R. 641.

The third count, after eliminating the exuberant redundancy, charges the employment of decedent, a boy of fifteen years of age by defendants as a trapper with the consent of the father, an employment not dangerous, and after he had been so employed for several months, defendant Thomas Jarrett, defendant's superintendent, requested the father's con-

sent to employment of the boy as a snapper or brakeman which consent was refused; that it was the duty of defendants not to permit the boy to do the work of snapper, a highly dangerous work; but that defendants contriving to injure the boy, wrongfully, wilfully and negligently, and without the consent and against the express refusal of the father, required the boy to work as a snapper or brakeman, well knowing his youthfulness and inexperience in such work, and within six hours after he had begun work as a snapper the cars on which he worked as such, by the wrongful, wilful and negligent conduct of the defendants, were caused to leave the track crushing to death the boy; that it was the duty of the defendants to provide a safe place for the boy to work and to employ a competent motorman; to make and enforce reasonable rules for the operation of the motor and cars; but that these duties were breached by defendants; that defendants did not employ a competent motorman; did not adopt and enforce reasonable rules; did not furnish a safe place to work; but, on the contrary, permitted its track, ties, rails and roadbed to become out of repair and to be and remain dangerous; employed an inexperienced and incompetent motorman, a youth of about 18 years of age, who negligently and carelessly operated the motor and cars over the defective track at a dangerous speed which caused the same to leave the track and kill the boy then working as snapper thereon; by reason of all of which acts of negligence it is averred that defendants then and there wilfully and negligently caused the death. Again, as in the second count, the unlawful employment is not the negligence on which recovery is based; it is the transfer of the boy from a non-dangerous duty to a hazardous one against the express wishes of the father combined with negligence in not furnishing a safe place to work, and in not promulgating and enforcing reasonable rules, and in the failure to employ a capable motorman, a fellow servant of decedent. While failure to adopt and enforce reasonable rules for the conduct of the train of coal cars and the motor is charged, it is not averred that the failure to discharge this duty caused the death. The gravamen of the count is negligence in exposing the boy to danger which on account of his youth and inexperience he could not protect himself against and the

employment of an incompetent motorman whose recklessness and carelessness caused the death. The allegation that the father consented to the employment of the boy as a trapper does not preclude recovery for the same reasons set out in the discussion of the second count.

Criticism of the second and third counts is based on the fact that there is no allegation in either of the duty of defendants to obey the legislative mandate that no child under the age of sixteen years should be employed, permitted or suffered to work in any mine. We perceive no necessity for charging that it was the duty of defendants to observe this statute and the violation of that duty; for such is not the negligence complained of which caused the death. Why charge a duty and its violation if the breach of that duty did not proximately cause the damage? The elements of a good declaration in negligence cases are the duty, the breach thereof and the consequent injury. These elements stated with requisite definiteness make the declaration sufficient. We think the facts pleaded establish the relation raising a duty followed by an averment of negligent breach of duty and the manner of the breach, resulting in the accident for which damages are claimed, and make the count good. *Snyder* v. *Wheeling Electric Co.*, 43 W. Va. 661. It was necessary in the first count to charge that it was a duty of defendants under that statute not to employ the infant in the mine, and that they breached this duty, because the violation of that duty is relied upon as the proximate cause of the death; but not so in the other two counts. The third count charges that it was defendants' duty not to permit or require the boy to work at the dangerous employment of snapper or brakeman; and that it violated this duty against the protests of his father by reason of which the boy was killed by the negligent and wilful conduct of defendants within six hours after he began the employment of snapper. There is also a specific allegation of duty on the part of defendants, after placing him in a hazardous place of employment, to furnish him a safe place to work, and to employ a competent motorman to operate the cars; to make and enforce reasonable rules for operation of the cars; but that defendants violated these duties by permitting the tracks in the mine to be and remain out of repair, dangerous and

unsafe, by hiring a reckless and incompetent motorman who handled the cars on which the boy worked as snapper, at a dangerous and reckless speed causing them to jump the track causing the boy's death.  There seems to be no allegation that the failure to adopt reasonable rules caused or contributed to the injury.  No specific rule is pointed out which should have been adopted, and which if adopted and enforced would have prevented the accident.  There seems to be no sequence between the failure to adopt reasonable rules and the accident; and that allegation may be treated as surplusage.

Further criticism is made of the third count that the averments do not justify a charge therein that defendants wilfully caused the death of the boy.  The breach of the duties which caused the accident are charged as having been wrongfully, negligently and wilfully done by defendants. The allegations of fact, if true, would make a case of negligence on the part of defendants, at least, and save it from demurrer. We cannot anticipate the evidence, and decide on this demurrer whether the averments in the third count are sufficient to charge deliberate intention on the part of defendants to injure or kill the boy, so as to allow recovery, if perchance his age was such that he could be lawfully employed in a mine.  Each count avers that the boy was under sixteen years of age, and the Workmen's Compensation Statute (in which it is provided that if the employer injures or kills his employee with deliberate intention the act will not protect him), has no application and cannot now be considered.  It may be observed that the charge that defendants wilfully caused the death is a conclusion from the facts pleaded.  It is doubtful that such conclusion will follow from the averments of duties owing to the decedent and the manner in which they were breached, resulting in the accident which caused the death.

The ruling of the Circuit Court in overruling the demurrer to the declaration and to each count is affirmed.

*Affirmed.*