# CHARLESTON.

MYRTLE LEE v. THE STANDARD OIL COMPANY *et al.*

(No. 6215)

Submitted May 1, 1928.        Decided May 15, 1928.
(Rehearing Denied September 11, 1928.)

1. AUTOMOBILES—*Servant, Driving Master's Motor Truck on Master's Business, and Master, May be Sued Together for Injury.*

   One injured by the negligent and wrongful act of a servant in driving his master's motor truck in the course of his em-

ployment and on the master's business, may join the master and servant in an action for damages. (p. 580.)

2.  NEGLIGENCE—*There is no Variance in Respect to Specification of Mere Matters of Detail in Evidence, Concerning Manner or Instrumentality Causing Personal Injury, if Substantial Allegations of Negligence Are Proven.*

   In an action for personal injury there is no variance in respect to specification of mere matters of detail in evidence, concerning the manner or instrumentality by which the injury was inflicted, if the substantial elements of negligence alleged be proven. (p. 582.)

3.  DAMAGES—*Married Woman Cannot Recover for Loss of Time From Injury, Unless She Alleges and Proves Employment of Time, or Material Part Thereof, in Her Own Business.*

   . A married woman, not engaged in business on her own account, cannot, in an action for personal injuries, recover damages for loss of time, unless she avers and proves employment of her time, or a material part thereof, in such business. (p. 583.)

4.  AUTOMOBILES—*Burden of Proving Lack of Negligence is Not on Plaintiff Suing for Injuries From Automobile Collision.*

   In an action for personal injury the burden of proving that he was without fault or negligence, cannot be cast upon the plaintiff. (p. 583.)

LIVELY, JUDGE, absent.

Error to Circuit Court, Preston County.

Action by Myrtle Lee against the Standard Oil Company and another. Judgment for plaintiff, and defendants bring error.

> *Judgment reversed; verdict set aside;*
> *new trial awarded.*

*S. P. Mitchell*, for plaintiff in error.

*F. E. Parrack* and *Gibson & Mattingly*, for defendant in error.

MILLER, PRESIDENT:

This action is based on the alleged wrongful act of the defendant Dalton DeBerry in driving a truck owned and operated by the defendant, the Standard Oil Company, into

plaintiff's automobile on a public road. She claims damages for personal injuries. The defendants assign error to a judgment of the circuit court for the plaintiff.

First, it is contended that the declaration is not good on demurrer; that a joint action can not be maintained against master and servant where the wrongful act complained of was solely that of the servant, and the master is only rendered liable in damages under the rule of respondent superior. There is much conflict of authority on this question in the judicial decisions of the several states in this country; but the decided weight of authority is in favor of the more liberal view, that the parties may be so joined. *Wills* v. *Montfair Gas Coal Company and Thomas Jarrett*, 97 W. Va. 476; 18 R. C. L. 780; 39 C. J. 1314. The master is under a legal duty so to use his own property as not to injure another, and if he intrusts the management, control or operation of his property to a servant, he is still liable for the manner in which it is used. The master is liable because he acts by a servant or agent. The servant is liable for his own misfeasance or wrongful act. "Both are liable jointly, because from the relation of master and servant they are united or identified in the same tortuous act resulting in the same injury." *Schumpert* v. *Southern Railway Company*, 65 S. C. 332, 43 S. E. 813, 95 A. S. R. 802. In *Wills* v. *Coal Company, supra,* we held that the superintendent of a coal company with authority to hire and discharge employees of the company, who suffered and permitted a child under sixteen years of age to work in the mines in violation of the statute forbidding the employment of such child in a mine, may be joined as a defendant with the coal company in an action for personal injuries resulting from such employment. If two or more persons acting independently of each other who perform negligent acts concurrently resulting in injury to another are liable jointly or severally, we can see no good reason why a servant or agent may not be joined with his principal legally liable for his acts. It is not the relation of the parties that controls, but their liability to the injured party, for which each may be made to answer in damages.

Exceptions were noted to the admission of evidence to show

the extent of damage done to the automobile plaintiff was driving, which was the property of her husband. The trial court cautioned the jury on this question, as follows: "The court now here directs the jury that the purpose of permitting the witness to answer the question just propounded to him is for the purpose, not of recovering any damage whatsoever for injury to the car, but for the purpose, and the sole purpose, of showing the force of the collision of the automobile and the truck." No evidence was tendered to show the cost of repairing the car, nor loss to the owner from the collision. Plaintiff did not seem to be greatly injured at the time, but afterwards developed nervous and mental trouble, from which she was confined to her home at the time of the trial, two years later. The evidence objected to was only for the purpose of proving, together with the testimony of the physicians, that the severe shock to plaintiff resulted in her later condition. There being no evidence on which the jury could assess damages for injury to the car, the defendant could not have been prejudiced.

One of the physicians who treated plaintiff was permitted, over objection of the defendant, to answer the following question: "Do you believe, from your treatment of her, that she would ever be in any better condition as to testifying?" Ans. "I don't think she will, in my opinion." This witness had testified that plaintiff's mental condition was such that she could not testify on the trial. It is said that the physician should have testified from his "observation, knowledge or treatment," and not simply from his "treatment" of her. It is not to be presumed that the physician would treat a patient for a mental disease without observation, or without knowing her condition.

The witness Zola M. Newlon, who was in the car with the plaintiff at the time she was injured, was asked: "Tell the jury whether the car ran into the props when it ran back?" to which she answered: "Well, I guess the wheel must have hit that, for it turned over the hill anyway." The objection is that there was no allegation in the declaration to support this evidence. If the car in fact struck the prop, causing the

injury, the testimony objected to was merely a matter of detail covered by the general averments of negligence in the declaration. *Hanley* v. *Railroad Company*, 59 W. Va. 419; *Knicely* v. *Railroad Company*, 64 W. Va. 278; *Kennedy* v. *Railway Company*, 68 W. Va. 589.

Error is assigned in the action of the court in refusing to permit one of the physicians to say whether or not plaintiff was suffering from venereal disease. This question was fully gone into later in the trial, and the physician testified that the Wasserman test showed negative.

A number of other assignments of error relate to the admission or rejection of testimony, all of which we have examined, and find that defendant could not have been prejudiced by the rulings of the trial court.

At the instance of the plaintiff, the trial court, on the question of measure of damages, instructed the jury that she could recover for "loss of time." Our cases hold that a married woman, not engaged in business on her own account, can not recover for loss of time in an action for damages for a personal injury. *Warth* v. *County Court;* 71 W. Va. 184; *Corbin* v. *City of Huntington*, 74 W. Va. 184; *Gibbard* v. *Evans*, 87 W. Va. 650. Under the authority of these cases this instruction was erroneous, in view of the fact there is much evidence in the record as to loss of time; and the jury may have taken this fact into consideration, although no attempt was made to prove any specific sum to support this element of damages mentioned in the instruction.

Defendants' instruction number two, "that the burden of proof is upon the plaintiff to show that the injury complained of was caused by the negligence or default of the defendants, and without fault or negligence upon the part of the plaintiff," was properly refused. This instruction would have placed the burden of proving want of contributory negligence on the plaintiff. This is not the law. *Mullens* v. *Railway Company*, 94 W. Va. 601, and cases cited.

Defendants' instructions on "concurrent negligence", offered, were not applicable to the facts in evidence. The defendant DeBerry testified that he had stopped his truck on the right side of the road before the collision, because of

the fog and the smoke coming from a hoisting engine, which rendered it impossible for him to see the road ahead. Plaintiff was not able to attend the trial, but Mrs. Newlon, who was with her at the time, testified that plaintiff stopped her car on the right side of the road in the direction she was going. There is no evidence from which the jury could believe that both cars were moving at the time of the accident. The whole issue depended in the credibility of the witnesses, the physical facts and circumstances attending the accident, and the deductions to be drawn therefrom.

Defendants' instruction number nine, refused, which would have told the jury to "disregard all evidence in this case pertaining to injury of the automobile in question for the reason that it does not appear from the evidence to be property of the plaintiff," was too broad. The court had already instructed the jury to what extent they could consider the evidence on this question.

Defendants' instructions on the question of contributory negligence refused, are fully covered by their instruction number five.

At the instance of the plaintiff, the court instructed the jury as follows: "The court instructs the jury that if there is a conflict of evidence in the case at bar with the physical facts, that then the physical facts govern, and you should rely upon the physical facts in making up your verdict in this case." This instruction was not justified by the evidence. There is no physical fact established by the evidence controlling the issue involved. It appears that plaintiff's car ran backwards for several feet after the impact; but this fact is not conclusive that the driver of the truck was at fault. Plaintiff's automobile was headed up the hill at the time.

For the errors above pointed out, the judgment will be reversed, the verdict of the jury set aside, and a new trial awarded the defendants.

*Judgment reversed; verdict set aside;*
*new trial awarded.*