STELLA M. FLEMING *v.* HARRY NAY *et al.*

(No. 8758)

Submitted September 28, 1938. Decided November 22, 1938.

*Clarence W. Meadows,* Attorney General, *Forrest B. Poling,* Assistant Attorney General, and *Grover F. Hedges,* for plaintiff in error.

*Thos. P. Ryan* and *Wm. S. Ryan,* for defendant in error.

KENNA, JUDGE:

This is an action of trespass on the case brought in the Circuit Court of Roane County by Stella M. Fleming against the County Court of Roane County and Harry Nay. Based upon a verdict for the plaintiff of seven hundred and fifty dollars judgment was rendered, and Harry Nay prosecutes this writ of error.

Plaintiff claims that she is entitled to damages because in broadening the Spencer-Ravenswood Turnpike the defendant wrongfully took a part of her land abutting on that road, including a valuable spring of clear water which was destroyed. The County Court on January 21, 1935, demurred to the declaration. This demurrer was later sustained, resulting in the dismissal of that defendant. There being no further demurrer and the action having been twice continued at the instance of the remaining defendant, the case, without the defendant having pleaded, was submitted to a jury which found a verdict for the plaintiff assessing her damages at five hundred and fifty dollars. This verdict was set aside and plaintiff was granted a new trial, because, as appears from the opinion of the trial judge made a part of the record, a great deal of evidence had been taken, without objection, of a contract between the defendant Nay and the plaintiff, and it was impossible, for that reason, to say whether the jury's verdict was based upon the violation of a contract or upon the tort aspect of the case. The trial court cited cases holding causes of action, one arising out of the tortious injury to property and the other arising out of breach of contract, could not be joined. There was no demurrer interposed to the declaration, neither was there objection to the introduction of the testimony. This Court declined a writ of error. On November 24, 1936, the plaintiff filed an amended and supplemental declaration, the order reciting that the

defendant appeared and demurred to it. There was no written demurrer, nor does the order specify any grounds upon which the demurrer was based. The demurrer was set down for argument. The record does not show that the trial court ever passed upon it.

On February 1, 1937, the action, on motion of the defendant, was again continued.

An order recites that on June 3, 1937, the defendant filed his written demurrer to the amended declaration, in which the plaintiff joined, and which, upon being submitted, was overruled. The record discloses no written demurrer nor specified grounds upon which the demurrer was based. This order enters the defendant's plea of not guilty, shows the submission of the issue to a duly impaneled jury, and goes on to recite that after the jury had heard all of the evidence, plaintiff presented and asked leave to file her amended declaration, the allegations of which were intended to conform to the plaintiff's evidence. The declaration was filed over the objection of the defendant, the order providing, "that the defendant should have the benefit of all legal objections to said amended declaration to the same extent as if a written demurrer had been interposed by said defendant to the said declaration raising all legal objections that there might be to said declaration and that the court overrules said demurrer." Again, there was no written demurrer and the record does not disclose any specific ground upon which a demurrer could have been based.

Thereupon, the action was submitted to a jury which returned a verdict for the plaintiff of seven hundred and fifty dollars. The order shows that the defendant thereupon moved to set the verdict aside upon fourteen specified grounds, which were overruled, and judgment based upon the verdict was entered.

While we disapprove the provision of this order according to the defendant leave thereafter to receive the benefit of any and all "legal" objections "that there might be" to the declaration, notwithstanding this rather remarkable privilege extended to the defendant, even

thereafter, the defendant specified no ground for demurrer.

From reading the three declarations that appear in this record along with the testimony of twenty-two witnesses for the plaintiff and twenty-three for the defendant which occupies nearly four hundred pages of the printed record, it would seem that the plaintiff was the owner of two boundaries of land near Reedy, Roane County, the road in question following the common line between the two tracts. On the north or upper side of the road there is what is referred to as a rock cliff. The plaintiff's land was fenced on each side of the road, the fences running parallel and approximately thirty feet apart with the exception of the upper fence where the spring was located. Here the upper fence "dipped" toward the south on both the east and west side, going down an abrupt declivity far enough to embrace within the plaintiff's land a spring which lay at the foot of the rock cliff.

The defendant and the men under him broadened the road in question by paralleling the plaintiff's fence on the north side of the road with the fence on the south. This plan involved eliminating the "dip" in the fence on plaintiff's northern boundary and moving it north from where it lay, partly on the south side of the spring, so that the entire fence on the north of the road would follow a line parallel with the fence on the south.

Before commencing this work the defendant had a talk with the plaintiff and procured her consent to the road broadening undertaking.

We think, based upon a painstaking examination of this record, that the foregoing statement is as far as the uncontradicted proof justifies our going. The rest of the testimony is in direct conflict.

There are but four assignments of error briefed and argued:

One. Actions *ex contractu* and *ex delicto* may not be joined.

Two. The action *ex contractu* is barred by the statute of frauds.

Three. The action *ex delicto* is not supported by the evidence.

Four. Conduct of counsel for plaintiff below constitutes reversible error.

There can be no contention as to the law in uniting a contract and tort action in the same proceeding. It requires no citation of authority to maintain the principle that it cannot be done. This however, is not to say that the fraudulent violation of a contract may not give rise to a cause of action *ex delicto,* nor that a contract may not be alleged in a tort action where the declaration is either not demurred to or, as here, no specific ground of demurrer is assigned. We are of the opinion that plaintiff's amended and supplemental declaration, disregarding superfluous allegation, contains sufficient allegations of a right of action *ex delicto.* It alleges that the defendant wrongfully took her land and destroyed her spring, resulting in permanent damage to the plaintiff amounting to the sum of fourteen hundred dollars.

As to the question of an action *ex contractu* being barred by the statute of frauds, while the process does not appear in the record before us, the original declaration and amended and supplemental declaration are each in one count in an action of trespass in the case. As we have already said, we regard the allegation of the amended and supplemental declaration which the plaintiff last filed as sufficient and as determinative of the fact that the action is one *ex delicto.* This is confirmed by the defendant's plea of "not guilty." Coupled with the fact of there having been no specific assignment of grounds for demurrer, we regard the plaintiff's allegations concerning what might be construed as her contract with the defendant as being merely surplusage, which the trial court likely would have stricken out if they had been reached by demurrer. Furthermore, the fraudulent breach of a contract gives the offended person the option as to whether he will sue therefor in tort or on contract,

and the statute of frauds has no application to this sort of tort action.

We consider, on the question of whether the proof sustains plaintiff's averments in her amended and supplemental declaration last filed, that viewing the conflicting proof in favor of the plaintiff's contention that it is sufficient to sustain her allegation that a part of her land was wrongfully taken by the defendant and that her valuable spring was wrongfully destroyed by him. The rule of *respondeat superior* does not relieve the servant of his tort liability. *Wills, Admr.* v. *Montfair Gas Coal Company*, 97 W. Va. 476, 125 S. E. 367.

The fourth ground of error concerns the conduct of plaintiff's attorney as constituting undue prejudice brought to bear upon the jury. Plaintiff's bill of exceptions recounts a half dozen circumstances that arose during the trial under which the attorney for the plaintiff asked irrelevant questions that could be said to have been propounded for the purpose of inflaming the minds of the jurors. William S. Ryan, one of the plaintiff's attorneys, in explaining the purpose of a question that he had propounded, said that the plaintiff wanted to show that a son of one of defendant's witnesses was working for the State Road Commission, and that that organization was not honorable enough to require him to pay his debts when he, Ryan, tried to garnishee his wages. Thomas P. Ryan, the other attorney for the plaintiff, moved to expunge that statement and the colloquy between his associate and the trial judge from the record. The trial judge admonished the jury to pay no attention to that occurrence and expressed the hope that they would not be misled by any part of it. An examination of the record discloses that upon each occasion, the trial judge admonished the jury to the full extent that he was requested to do so.

Matter of this sort, we think, rests within the sound discretion of the trial court, and unless the information that is disclosed to the jury is obviously prejudicial we do not believe that the exercise of that discretion, un-

less it shows a plainly prejudicial attitude on the part of the trial judge himself, should be disturbed. There are many things that cannot be revealed to this Court by a printed record. They are apparent to the trial judge.

The cases cited in the brief of plaintiff in error, we believe, do not conflict with what has just been said. *State* v. *Morris*, 96 W. Va. 291, 122 S. E. 914, is a criminal case, and for that reason, is obviously inapplicable. *Moorefield* v. *Lewis*, 96 W .Va. 112, 123 S. E. 564, was an action for death by wrongful act due to the negligent operation of defendant's automobile. The attorney for the plaintiff, in his opening statement, disclosed that the defendant carried indemnity insurance covering his liability. Upon writ of error, this Court, in an opinion by Judge Lively, stated that it would be inclined to reverse the case on this ground but for the fact that the whole evidence in this court's opinion established a plain case for recovery. The case was affirmed. This Court has held several times that revealing to a jury the fact that defendant carried insurance constituted error prejudicial to the defendant. That question is not involved in this case.

The case of *Christie, Admr.* v. *Mitchell*, 93 W. Va. 200, 116 S. E. 715, was a case in which the order of the trial court setting aside the plaintiff's verdict of eight thousand dollars was affirmed. The holding in that case plainly accords with our statement made herein that the discharging of a jury or the setting aside of a verdict upon this ground of assigned error rests in the sound discretion of the trial court, there being, however, established grounds upon which that discretion can be held to have been abused.

The other case cited in the brief of counsel for plaintiff in error is that of *Walters* v. *Power Company*, 75 W. Va. 676, 84 S. E. 617. The point ruled on in that case concerned evidence that the trial court admitted to show that the defendant electric company carried indemnity insurance against loss by accident resulting in personal injury. We do not see the relevancy of this holding to

the question raised here which concerns the misconduct of attorneys. That case held that the showing that defendant carried indemnity insurance was irrelevant to the question of defendant's negligence and that its admission over objection constituted reversible error.

Not perceiving reversible error in any of the assigned points, the judgment of the Circuit Court of Roane County is affirmed.

*Affirmed.*

Fox Judge, dissenting:

I am unable to agree with the majority opinion in this case for two reasons.

First, the irregularity in the pleadings created by the filing of an original declaration, called a declaration in trespass on the case, but which was, in fact, based entirely on an alleged breach of a contract; an amended declaration which in some degree sought to transform the case to one having some of the aspects of a case in tort was filed; and a second amended declaration, filed after all the evidence had been produced before the jury, is still more clearly a declaration in tort, but still retaining some of the elements of a declaration on contract. I do not believe actions at law can be changed in this manner.

Second, I think the plaintiff's right to recover depends solely on whether or not the location of the road of which she complains was or was not on the right of way of the Ravenswood and Spencer turnpike. If it was located on said right of way, she was not entitled to recover, and conversely, if not located thereon, her right of recovery is clear. The case was not tried on that issue, alone, but on that issue and the further one of whether the location of the road as now constructed was the result of an agreement between the plaintiff and the defendant. I do not think the element of contract should have been allowed to enter into the case for two reasons: (1) The defendant was the known agent of the State Road Com-

mission, and any agreement entered into by him, as such, comes within the statute of frauds, Code, 55-1-1; and (2) even a contract in writing would not have been binding to destroy the existing right of the state, in the absence of a showing of legal authorization involving a change in the location of the right of way through the land of the plaintiff by the authorities empowered to make such change. The location of a public highway cannot be changed through a contract such as is alleged and attempted to be proven in this case. The case having been tried on allegations of contract and of tort, and there being no way of determining on which of the two elements the jury based its verdict, I would reverse the judgment, set aside the verdict, and grant a new trial to be conducted on a declaration based on tort alone.

I am authorized to state that Judge Riley concurs in this dissent.