WILLIS KUCHAR, APPELLEE, v. HENRY BERNSTRAUCH, DOING BUSINESS AS BERNSTRAUCH WRECKER SERVICE, APPELLANT.

219 N. W. 2d 764

Filed July 5, 1974. No. 39298.

Vincent J. Kirby, for appellant.

Mueting & DeLay, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a replevin action for the recovery of possesion of an automobile and damages for its wrongful detention. The case was originally filed in the county court which found for the defendant and dismissed the action. Upon appeal to the District Court, that court found generally for the plaintiff as to the right of possession and damages and remanded the cause to the county court for determination of the amount of damages. The defendant has appealed from the judgment of the District Court.

Plaintiff's automobile was seized and impounded by the State Patrol on January 1, 1973, on suspicion that it was being used to transport marijuana. The officers placed the automobile in storage at the defendant's fenced lot. No proceeding for condemnation and forfeiture of the car under section 28-4,135, R. S. Supp., 1972, was ever filed in the District Court. There was apparently a criminal case filed in the county court of Madison County against one of the occupants of the car, entitled State of Nebraska v. LuAnn Kuchar. There is no showing as to any disposition of that case. No showing has ever been made in any court that any controlled substance was ever found in the plaintiff's car.

The plaintiff here made application in the case of State of Nebraska v. LuAnn Kuchar in the county court of

Madison County to receive possession and custody of his automobile from the State of Nebraska pursuant to section 28-4,135, R. S. Supp., 1972. It was stipulated and agreed at the hearing that the plaintiff was the owner of record of the automobile, and that he had no knowledge that such automobile was allegedly being used in violation of any provision of the Controlled Substances Act. On March 1, 1973, the county court entered its order and adjudged and decreed "that possession and custody of said automobile should be and hereby is placed in Willis Kuchar." The county court made no provision in the order for payment of storage charges by the State as it might have done.

The plaintiff presented the court order for possession of the car to the defendant on March 1, 1973. The defendant refused to release the automobile until the plaintiff paid the storage costs. The plaintiff then brought this action in replevin to recover possession of the car and damages for its wrongful detention.

The defendant's theory is that he had a lien on the automobile for the storage under section 28-4,135, R. S. Supp., 1972, which provides in part: "When a decree of condemnation is entered against any conveyance, court costs and fees and storage and other proper expenses shall be charged against the person, if any, intervening as claimant of the conveyance."

No decree of condemnation was ever entered in this case. In fact, no condemnation and forfeiture action was ever filed in the District Court as provided by the statute. The case is simply one in which an automobile was seized and impounded by the State and delivered to the defendant who held it merely as an agent of the State. Since no forfeiture action was ever filed in the District Court, the plaintiff quite properly filed his application for release in the criminal case in county court. When the county court ordered the release of the automobile to the plaintiff, any costs, fees, and storage charges should have

been assessed against the State. The order terminated any proceeding against the car which might have previously prevented a replevin action. The defendant was merely the agent of the State and as the person in possession of the property sought to be replevined was the proper and only necessary party defendant. See Coomes v. Drinkwalter, 183 Neb. 564, 162 N. W. 2d 533.

The defendant's refusal to deliver the automobile to the plaintiff on order of the county court was wrongful and willful. He had no lien on the automobile although he had a claim against the State for his storage charges. An agent is personally liable to third persons for his own misfeasances and positive wrongs. Wilson v. Thayer County Agricultural Society, 115 Neb. 579, 213 N. W. 2d 966.

The plaintiff was entitled to possession of the automobile on March 1, 1973, and for damages for its wrongful detention thereafter. The judgment of the District Court was correct and is affirmed.

AFFIRMED.