Hillsborough
No. 6981

CATHLEEN M. RUSSELL & a

v.

MARY DOWNING, INDIVIDUALLY AND

d.b.a. ANDERSON'S RIDING STABLE

December 31, 1974

*James A. Connor,* by brief and orally, for the plaintiffs.

*Murphy & Deachman* for the defendants, filed no brief.

GRIMES, J. The main issue in this case is whether defendant's motion to dismiss because of the lack of evidence that defendant was the owner or operator of the riding stable was improperly granted. We hold that it was.

Plaintiff Cathleen Russell, then age eight years, was injured on July 15, 1964, while riding a horse on premises known as Anderson's Riding Stable when her leg came in contact with the branch of a tree. Suit was brought by her mother, Carol Russell, as next friend of Cathleen, for damages and on her own for consequential damages against the defendant Mary Downing. The writ has now been amended to reflect Cathleen's coming of age. The declarations in the writ allege

that plaintiff Cathleen was a business invitee on the premises of the defendant and that defendant was the owner and operator of the stable and that she had the duty to maintain the trails in safe condition, give warning regarding the fitness of the horses, and supervise and direct the riding, all so that persons on the premises would not be injured. After the filing and answering of interrogatories and a pretrial conference, defendant on the day assigned for jury trial moved to dismiss on the ground that plaintiffs could not prove that defendant was the "owner and operator and manager" of the stable and that such proof is essential to plaintiffs' case. Following a hearing at which evidence was taken, the motion was granted and plaintiffs' exception was transferred by *Perkins, J.*

The pretrial order states that the defendant denied that she was the owner of the premises, claimed she was managing the property for her mother, and agreed that plaintiff was a business invitee. At the time of the hearing, plaintiffs all but agreed that the premises were owned by Mrs. Anderson, defendant's mother, and did not prove otherwise.

Much of the difficulty in this case arises out of the failure of the plaintiffs to clearly state the basis of their claim against the defendant. Their writ was reasonably understood by the trial court and defendant to base the claim as an injury on premises case with the defendant as the owner and operator (proprietor). At the hearing, however, counsel for plaintiffs advanced as a second basis for liability the claim that as supervisor of the business, she individually owed a duty to the plaintiffs, which she violated.

The trial court understood that this second claim was being made but remarked that defendant had not been sued on that basis and pointed out that the writ was based on defendant being the owner and operator and that there had never been any amendment. The trial court granted the motion to dismiss "on the present state of the pleadings and the testimony . . . ."

There was evidence that defendant began in the fall of 1961 to help and assist her mother in the operation of the riding stable although she was the owner of neither the property nor the horses. She worked for a small salary of $18-$20

per week. She referred to herself as the manager which she said meant only that she helped her mother who made "the decisions". The evidence established that defendant saddled the horses, adjusted the stirrups, checked and tightened the girth when necessary, instructed the patrons on how to handle the horses and where the trail went and what they should do on it; that she was responsible for the guides and instructed them; and that she made sure the "trails were okay" although she claimed her mother did that also.

The defendant was present on the day of the accident, helped plaintiff Cathleen mount the horse, saw her head out onto the trail, and also witnessed the accident. The accident occurred when Cathleen, returning from her ride, went off the trail and under an apple tree where a branch pierced her leg.

At pretrial, plaintiffs claimed that defendant was negligent "by virtue of lack of proper supervision by the defendant, failing to maintain the riding trails in safe condition and failing to give warning that the horse was unsafe to ride". Nowhere do plaintiffs state precisely what alleged negligence was claimed to be the cause of the accident. It is not clear therefore whether whatever was the cause of the accident was a violation of duty which defendant owed the plaintiff Cathleen because of defendant's participation in the operation of the business. Cathleen testified that the horse she rode had been "acting up", that someone had been striking him with the reins to make him calm down, and that someone gave her a stick and told her to hit the horse with it "if it was acting up again". Plaintiffs, however, were prevented, subject to exception, from questioning defendant as to what she observed with regard to this and other events of the day in connection with her supervisory duties because the hearing was confined to the question of "operation".

It appears to us that plaintiffs made it clear at the time of the hearing that they were making a claim that defendant was individually liable on the basis of her own negligence with respect to her supervisory duties quite independent of ownership of the premises or proprietorship of the business. It is well settled that an agent may be liable for his own torts to a third person who is injured. *See* 3 Am. Jur. 2d

*Agency* § 300 (1962, Supp. 1974); Annots., 20 A.L.R. 97, 108 (1922); 99 A.L.R. 408, 410 (1935). This claim does not appear to be entirely inconsistent with the declaration of the writ or with the pretrial order, both of which mention lack of proper supervision and warning by defendant. Whether plaintiffs should be required to file more definite specifications of their claims is a matter to be decided by the trial court on motion of the defendant. And whether plaintiffs can make out a prima facie case based on its present claim is also for the trial court in the first instance. But although it was proper to dismiss the plaintiffs' claim insofar as it was based on ownership or proprietorship, it is our opinion that the evidence could be found to establish such a relationship as to give rise to duties of care on the part of the defendant personally with regard to instructions and warning with respect to the trail and the horses. Liability cannot, however, be based on any claimed violation of duty with respect to the condition of the trails because the accident occurred outside the trails at a spot where the evidence revealed the riders were not supposed to be and over which there is no evidence defendant had any responsibility as part of her supervisory duties.

The matter is remanded for such proceedings as the trial court may adopt to determine whether plaintiffs have evidence that the accident was caused by negligence on the part of the defendant personally in the performance of her supervisory duties.

*Exception sustained; remanded.*

All concurred.