JOHN ROBERT MUSGROVE

*v.*

THE HICKORY INN, INC., *et al.*

(No. 14470)

Decided September 8, 1981.

*Brent E. Beveridge and Susan K. McLaughlin,* for appellant.

No appearance for appellee.

MILLER, JUSTICE:

Plaintiff, John Robert Musgrove, appeals from an order of the Circuit Court of Taylor County dismissing his civil action in which he sought damages against Hickory Inn, Inc., for injuries received from an assault allegedly committed by Tom and Betty Bradley. Plaintiff contends that the circuit court erred in dismissing the action. We agree and reverse the decision of the circuit court.

In his complaint, the plaintiff alleged that on the evening of December 5, 1975, while he was a customer at the Hickory Inn, Inc., a corporation, the defendants Tom Bradley and Betty Bradley, "acting as agents, employees and/or officers of the Hickory Inn, Inc., without justification or adequate provocation, maliciously and wilfully committed an assault . . . by striking [him] about the head, shoulders, back and other parts of his body with the butt of a gun and a baseball bat." Plaintiff sought both compensatory and punitive damages.

After the filing of the complaint, the defendants moved to dismiss "because there is no such corporation in the State of West Virginia doing business as 'The Hickory Inn, Inc., ' . . . and the complaint alleges Tom Bradley and Betty Bradley were . . . 'acting as agents, employees and/or officers of The Hickory Inn, Inc.,' " This motion was argued before the circuit court on January 5, 1978. At the same time, the plaintiff submitted a memorandum in opposition to the motion to dismiss and an amended complaint which deleted the references to the corporation as well as the defendants Bradleys' capacity as agents or employees of the corporation. On March 16, 1978, the trial

court dismissed the action finding that "there is no such corporation as the Hickory Inn, Inc.," and "the complaint fails to state that the Bradleys were acting as individuals but in fact states they were acting as agents ... of the Hickory Inn, Inc. ...." Plaintiff contends that the circuit court erred in dismissing his suit against the Bradleys. The dismissal of the Hickory Inn, Inc., is not challenged.

Plaintiff relies on Rule 9(a) of the West Virginia Rules of Civil Procedure (RCP), which basically provides that it is not necessary to aver the capacity of a party.[1] In *Employers Fire Insurance Company v. Biser*, ___ W. Va. ___, 242 S.E.2d 708 (1978), we specifically recognized the principles embodied in Rule 9(a):

> "Rule 9(a), R.C.P. provides that 'It is not necessary to aver the capacity of a party to sue or be sued ...' That rule further provides that if capacity to sue is questioned, it must be done by 'specific negative averment.' No such specific negative averment having been made by the defendant, the court's dismissal on this ground was reversible error." 242 S.E.2d at 711.

In *Biser*, two insurance companies had paid for fire damage to the residence of their insureds. The companies obtained a right of subrogation and sued the defendant, Biser, who was alleged to have negligently caused the fire loss. The companies failed to allege in their complaint in what legal capacity they sued, that is, they did not allege that they were individuals, partnerships or corporations.

In Syllabus Point 1 of *Biser*, we stated that it is not necessary "to aver the capacity of a party to sue or be

---

[1] The full text of Rule 9(a), RCP, is:

"*Capacity.* It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

sued." We also said in Syllabus Points 1 and 2[2] that if an issue of capacity is to be raised by a party, it must be done by specific negative averment. The term "pleader" was used, but it is clear from the case that "pleader" means the party who desires to raise the capacity issue. *See* 2A Moore's *Federal Practice* ¶9.02.

*Biser* was concerned with the lack of necessity to aver capacity under Rule 9(a), RCP. Here, however, we actually have an averment by plaintiff of capacity of the individual defendants as agents, employees and/or officers of the corporation. It is clear, however, from the plaintiff's complaint that he sought damages from both the corporation and the defendants individually, as the latter had directly administered the beating which gave rise to his injuries.

In *State ex rel. Bumgarner v. Sims*, 139 W. Va. 92, 79 S.E.2d 277 (1953), we stated:

"In this jurisdiction a joint action of tort may be instituted against a master and servant in a case in which plaintiff's injuries were occasioned solely by the negligence of the servant, . . . The relation of master and servant in those cases, in which the doctrine of respondeat superior applies, is joint, and the parties should be regarded as though they were joint tortfeasors. Wills v. Montfair Gas Coal Co., 97 W. Va. 476, 125 S.E. 367. In some respects, however, the relation may be regarded as joint, and several." 139 W. Va. at 111, 79 S.E.2d at 289-90.

*See also O'Dell v. Universal Credit Co.*, 118 W. Va. 678, 191 S.E. 568 (1937). Joint and several liability allows the plaintiff to sue either or both. *Muldoon v. Kepner*, 141 W. Va. 577, 91 S.E.2d 727 (1956); *Massey v. Payne*, 109 W. Va. 529, 155 S.E. 658 (1930); *State ex rel. Bumgarner v. Sims, supra.*

---

[2] Syllabus Point 1 and 2 of *Biser* are:

"1. It is not necessary to aver the capacity of a party to sue or be sued but if such issue is to be relied upon successfully the pleader shall do so by specific negative averment.

"2. Unless the pleader raises the issue of capacity to sue by specific negative averment, it is reversible error to dismiss an action on the ground that the plaintiff failed to aver capacity to sue."

We have said in *Fleming v. Nay*, 120 W. Va. 625, 630, 200 S.E. 577, 579 (1938), that the doctrine of *respondeat superior* does not relieve the servant of his tort liability. This principle rests on the fact that an agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. This same rule is generally accepted elsewhere. *Austin v. Fulton Insurance Company*, 498 P.2d 702 (Alaska 1972); *Holman v. State*, 53 Cal.App.3d 317, 124 Cal. Rptr. 773 (1975); *Graham v. Worthington*, 259 Iowa 845, 146 N.W.2d 626 (1966); *Coe v. Ware*, 271 Mass. 570, 171 N.E. 732 (1930); *Kuchar v. Bernstrauch*, 192 Neb. 225, 219 N.W.2d 764 (1974); *Russell v. Downing*, 114 N.H. 837, 330 A.2d 454 (1974); *Jones v. Archibald*, 45 A.D.2d 532, 360 N.Y.S.2d 119 (1974); *Lawlor v. Scheper*, 232 S.C. 94, 101 S.E.2d 269 (1957); *Johnson v. Harrigan-Peach Land Development Company*, 79 Wash.2d 745, 489 P.2d 923 (1971).

Of course, we also recognize that if the servant, agent or employee is acting within the scope of his employment, then his principal or employer may also be held liable under the doctrine of *respondeat superior. Cremeans v. Maynard*, 162 W. Va. 74, 246 S.E.2d 253 (1978); *Griffith v. George Transfer & Rigging, Inc.*, 157 W. Va. 316, 201 S.E.2d 281 (1973); *Porter v. South Penn Oil Company*, 125 W. Va. 361, 24 S.E.2d 330 (1943).

In the case before us, insofar as the individual liability of the Bradleys to the plaintiff is concerned, the fact that they were acting individually or as agent is irrelevant. If they tortiously injured the plaintiff, they are liable. In effect, the question of their capacity as agents or employees is immaterial to the plaintiff's right to recover against them personally.

Because Rule 9(a), RCP, does not consider averments of capacity necessary to maintain a civil action, and because the incorrect averments of agency regarding the defendants do not alter their liability to the plaintiff, we conclude that the action should not have been dismissed. Therefore, the judgment of the Circuit Court of Taylor County is

reversed, and this case is remanded for further development.

*Reversed and Remanded.*