363 S.E.2d 133

**Dennis HOLLIDAY**

v.

**Jimmy GILKESON and Bonnie Gilkeson, individually, d.b.a. Mountain State Cattle Company, Inc., and Mountain State Cattle Company, Inc.**

**No. 17318.**

Supreme Court of Appeals of West Virginia.

Nov. 17, 1987.

Trespasser shot by property owner brought negligence suit against property owner, his wife, and cattle company jointly owned by property owner and wife. The Circuit Court, Fayette County, Bronson, J., entered judgment in favor of trespasser, but set aside judgment against property owner's wife, and trespasser appealed. The Supreme Court of Appeals held that evidence was sufficient for jury to find that property owner negligently shot trespasser while owner was acting as agent for his wife and within scope of his employment.

Timothy R. Ruckman, Callaghan & Ruckman, Summersville, for appellant.

Paul O. Clay, Jr., Conrad & Clay, Fayetteville, for appellees.

PER CURIAM:

This is an appeal by Dennis Holliday from an order entered by the Circuit Court of Fayette County on November 25, 1985. That order affirmed a jury verdict in favor of the appellant in the amount of $53,000 against the appellees in this case, except the appellee, Bonnie Gilkeson. By the order the court set aside the judgment against Bonnie Gilkeson. On appeal the appellant claims that the trial court erred in setting aside the verdict against Ms. Gilkeson. We agree, and we reverse the judgment of the Circuit Court of Fayette County.

The appellees, Jimmy Gilkeson and Bonnie Gilkeson, jointly owned a farm located in Fayette County. On July 19, 1980, the appellant, Dennis Holliday, and a number of friends stopped in a wide place along a

side road for the purpose of playing their radios and drinking beer. The wide place was located on the Gilkeson farm.

After the party had been in progress for some time, Mr. Gilkeson, who had heard the music, and another man, appeared on the scene and advised the appellant and his friends that they were trespassing on his property. In an altercation which then ensued, Mr. Gilkeson negligently shot the appellant, Dennis Holliday.

The appellant subsequently sued Mr. Gilkeson, his wife, Bonnie Gilkeson, and the Mountain State Cattle Company for damages resulting from the gunshot wound.

In the course of the trial of the case, the appellant took the position that Jimmy Gilkeson and his wife, Bonnie Gilkeson, were engaged in a joint enterprise in owning and operating their farm and that Jimmy Gilkeson was acting in his own capacity and also acting as agent for his wife in treating the appellant as a trespasser and in shooting him.

In the course of the jury trial of the case, a special interrogatory was submitted to the jury asking whether Jimmy Gilkeson, at the time of the shooting, was acting as an agent or servant of Bonnie Gilkeson or of the Mountain State Cattle Company, Inc. The interrogatory also asked whether Jimmy Gilkeson was acting within the scope of such an agency or employment.

At the conclusion of the trial the jury returned a verdict in favor of the appellant for $58,000. The jury answered in the affirmative the interrogatory asking whether Jimmy Gilkeson was acting as an agent or servant for Bonnie Gilkeson or the Mountain State Cattle Company and acting within the scope of his employment at the time of the incident. In response to a separate interrogatory the jury found that Mr. Gilkeson was 90% negligent in the matter and that the appellant was 10% negligent.

On November 6, 1985, the circuit court entered judgment for the appellant in the amount of $53,000 in accordance with the jury's verdict and in accordance with the interrogatory proportioning liability. Subsequently, the court, acting upon motions of the Gilkesons, affirmed the judgment against Jimmy Gilkeson individually and the Mountain State Cattle Company, Inc. in the amount of $53,000, but set aside the judgment previously entered against Bonnie Gilkeson individually, and ruled that it be held for naught. It is from the order of November 21, 1985, that the appellant now appeals.

The circumstances under which this Court should reverse a trial court's ruling setting aside a jury verdict are discussed in *Gault v. Monongahela Power Co.*, 159 W.Va. 318, 223 S.E.2d 421 (1976). In syllabus point 6 of that case the Court stated:

"The action of the trial court in setting aside a verdict for the plaintiff and awarding the defendant a new trial will be reversed by this Court where it appears that the case, as a whole, was fairly tried and no error prejudicial to the defendant was committed therein." Point 7, Syllabus, *Browder v. County Court of Webster County*, 145 W.Va. 696, 116 S.E.2d 867 (1960).

In the case presently under consideration, the appellant sought to establish that Jimmy Gilkeson was the agent of his wife, Bonnie Gilkeson, and also the agent of Mountain State Cattle Company, Inc., at the time he shot the appellant. During trial evidence was introduced showing that Mr. and Mrs. Gilkeson jointly owned the farm upon which the shooting occurred and that they jointly owned the stock of Mountain State Cattle Company, Inc. According to the testimony, when they purchased the farm they intended to raise cattle upon it. However, instead they jointly rented or leased it out to different people. The evidence indicated that in investigating the activity on the farm on July 19, 1980, at the time the appellant was shot, Mr. Gilkeson was checking to see what was going on on the farm and apparently intended to expel trespassers.

It is generally recognized that if an agent commits an negligent tort in the scope of his employment then his principal may be held liable under the doctrine of *respondeat superior Musgrove v. Hickory Inn, Inc.*, 168 W.Va. 65, 281 S.E.2d 499 (1981); *Cremeans v. Maynard*, 162 W.Va. 74, 246 S.E.2d 253 (1978); *Griffith v.*

**548**

*George Transfer & Rigging, Inc.,* 157 W.Va. 316, 201 S.E.2d 281 (1973); *Porter v. South Penn Oil Co.,* 125 W.Va. 361, 24 S.E.2d 330 (1943). It is also recognized that:

> "When the evidence is conflicting the questions of whether the relation of principal and agent existed and, if so, whether the agent acted within the scope of his authority and in behalf of his principal are questions for the jury." Syl. Pt. 2, *Laslo v. Griffith,* 143 W.Va. 469, 102 S.E.2d 894 (1958).

Syllabus, *Cremeans v. Maynard, supra.*

At the conclusion of the evidence during the jury trial the court clearly instructed the jury that before the jury could find against the defendants, Bonnie Gilkeson or Mountain State Cattle Company, the jury had to find that an agency was established by a preponderance of the evidence. The court also instructed the jury that:

> [A]n agency relationship exists between two people as a result of the consent by one person to another that he will act on his behalf and the agreement by the other to so act. An agent is one who represents another called the principal who undertakes some business or to manage some affair by the authority of or on account of the principal.

> The court further instructs the jury that if you believe by a preponderance of the evidence that Jimmy Gilkeson was acting as an agent for either Mountain State Cattle Company, Inc., or his wife, Bonnie Gilkeson, doing business as Mountain State Cattle Company, Inc., or both, and was acting within the scope of his agency at the time and place complained of, and further, that he was guilty of some act or omission which proximately resulted in the shooting and resulting injury to Dennis C. Holliday, then you may find in favor of the plaintiff and against either or both of the defendants, Bonnie Gilkeson, doing business as Mountain State Cattle Company, Inc., and Mountain State Cattle Company, Inc.

At the conclusion of the trial the jury, in response to special interrogatories submitted, found that Jimmy Gilkeson negligently shot the appellant and that at the time of the shooting Jimmy Gilkeson was acting as an agent or servant of Bonnie Gilkeson or Mountain State Cattle Company, Inc. and was acting within the scope of his agency or employment.

After examining the record this Court believes that in this case the appellant presented sufficient evidence for the jury to find that Jimmy Gilkeson was acting as an agent for his wife, Bonnie Gilkeson, at the time the negligent shooting involved in this case occurred and sufficient evidence for the jury to find that Jimmy Gilkeson, in defending the property, was acting within the scope of his employment. The Court also believes that the jury was properly instructed on the law relating to agency. Under the circumstances it appears that the case was fairly tried and that no error prejudicial to the Gilkesons was committed. Under the circumstances, the Court believes that the trial court erred in setting aside the verdict against Bonnie Gilkeson, given the rule set forth in syllabus point 6 of *Gault v. Monongahela Power Co., supra.*

The judgment of the Circuit Court of Fayette County is, therefore, reversed and this case is remanded with directions that the circuit court reinstate the verdict against Bonnie Gilkeson.

Reversed and remanded with directions.